No. 9.—John Doe, *ex dem.* Wm. Cumming and others, plaintiffs in error, *vs.* Roe, C. E. and James M. Butler, tenant in possession.

[1.] There can be no special pleading in ejectment, for the *consent rule*, which admits lease, entry and ouster, compels the defendant to plead only "not guilty," or the Statute of Limitations.

[2.] The general issue in ejectment denies the defendant's possession, as well as the plaintiff's title.

Ejectment, in Bryan Superior Court. Motion to dismiss defendant's plea, decided by Judge Fleming, at Chambers, Dec. 22d, 1848.

An action of ejectment was commenced in Bryan Superior

Court, returnable to April Term, 1848, for a certain tract of land, known as Sandy Hill.

At the first term, James M. Butler, the alleged tenant, filed the following pleas:

" And now, at this term, comes the defendant, James M. Butler, in his proper person, the force and injury when, &c. and says that he is not guilty of the said trespasses in ejectment, as above laid to his charge, and of this he puts himself upon the country.

" And for further plea in this behalf, the said James M. Butler says, that at the time of the commencement of the aforesaid action in this behalf, against him, he was not in possession of the said premises, in the said plaintiff's declaration mentioned, or any part thereof, nor did he then or now claim any right, title, interest, property or possession of, in or to the said premises, but that the said premises are the property of, and claimed and held, by one John Bailey, of the County of McIntosh, in the State of Georgia; and further, that the said James M. Butler disclaims all right, title, interest, possession, property, claim or demand of, in or to the said within mentioned premises, or any part thereof; and of these several matters, he puts himself upon the country.

(Signed,)                JAMES M. BUTLER,
                                    *in proper person.*"

At the trial term of said cause, the plaintiff, by his counsel, moved to dismiss and set aside the said pretended pleas, and to enter a judgment by default, against the casual ejector—

1st. Because, that part of it purporting to be the general issue, did not confess lease, entry and ouster.

2nd. Because the second part of said paper is wholly inconsistent with the general issue, and ought not to be allowed to stand.

3d. Because the latter part of said pretended plea, being special in its character, could only have been filed by leave of the Court; and being dilatory in its character, even although it had been put in by leave of the Court, it should have been passed upon and disposed of by said Court, at the first term.

4th. That the whole of said paper was contrary to the rules of pleading, and illegal; and if special circumstances authorized its admission, the existence of such special circumstances should have been shown at the first term.

Plaintiff's counsel farther moved the Court, if the latter part of

the plea was ruled illegal, that said Butler should be ruled to trial on the general issue.

The presiding Judge overruled the motion, and decided that said Butler should have his option to go to trial on the first part of his plea, as the general issue, or on the latter part of said paper, if verified by affidavit.

The defendant's counsel struck out the first part of the plea, and went to trial upon the latter part, (verified by the affidavit of defendant,) upon the question of possession alone, the Court confining the testimony to that question.

The Jury failing to return a verdict, a mis-trial was ordered, and by consent, it was ordered that plaintiff's motion to dismiss the plea and take judgment by default, should be re-argued before Judge Fleming, at Chambers.

Upon which hearing, the motion was overruled.

The Court deciding that said Butler was properly before the Court on the plea denying his possession, and that said plaintiff was properly ruled to trial, on said plea—which decisions are excepted to.

HARDEN & LAWTON, for plaintiff in error, were stopped by the Court.

DE LYON, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

*Lord Coke* deemed special pleading so delightful a science, that its very name was derived, according to him, from its pleasurable nature. " *Quia bene placitare omnibus placet.*" My brethren, who were engaged in the management of this case, in the Circuit Court, will pardon me for suggesting, that they seem intent on restoring this exquisite recreation to its pristine state.

Had a motion been made to dismiss this writ of error, as having been prematurely brought, it must have been sustained. No final judgment has been rendered in the cause, below. There being a *mis-trial*, all the issues of law and of fact, are still pending, and the presumption is, they will be correctly adjudicated.

The origin and growth of the action of ejectment, will be found fully stated by Mr. Sergeant Adams, in the opening chapter of

Cumming and others *vs.* Butler.

his Treatise on Ejectment. It is an action in which a tenant, for a term of years, claims damages for a forcible ejection or ouster from the land demised. It was invented in the reign of Edward II. or Edward III. to enable suitors to escape from the thousand niceties in which real actions were embarrassed; and which, moreover, were cognizable in the Courts of Common Pleas only. Real actions having been abolished, ejectment is the regular mode of proceeding, for the trial of possessory titles. Anciently, *damages* only were recoverable—subsequently, the *land* itself. It is needless to add, that this form of action is entirely fictitious. It is thus described and illustrated by *Lord Mansfield :*

" An ejectment is an ingenious fiction, for the trial of titles to the possession of land. In *form*, it is a trick between two, to dispossess a third, by a sham suit and judgment. The artifice would be criminal, unless the *Court* converted it into a fair trial between the proper parties. The great advantage of this fictitious mode of proceeding is, that being under the control of the Court, it may be so modelled as to answer in the best manner, every end of justice and convenience. The control which the Courts have over the casual ejector, enables them to put any terms upon the plaintiff which are just. He was soon ordered to give notice to the tenant in possession. When the tenant in possession asked to be admitted defendant, the Court was enabled to impose conditions; and therefore, obliged him to allow the fiction, and go to trial upon the real merits, without being entangled in the niceties of pleading on either side. *Fairclaim vs. Shamtitle,* 3 *Burr.* 1294.

[1.] Four things are necessary to enable a person to support an ejectment, viz : title, lease, entry and ouster. And as the three latter are only feigned in the modern practice, the plaintiff would be non-suited at the trial, if he were obliged to prove them. The Courts, therefore, compel the defendant to enter into what is called the *consent rule,* by which he undertakes that at the trial he will confess the lease, entry and ouster to have been regularly made, and rely solely upon the merits of his title. In England, at present, the *consent rule* admits *possession* also. The *consent rule* is presumed to be taken in every case, and being at best but a useless form, its observance is dispensed with in point of fact; and this dispenses with all special pleading in ejectment. The defendant can plead only " not guilty," and the Statute of Limitations.

[2.] With us in Georgia, as in most of the States, the general issue in ejectment denies the defendant's possession, as well as the plaintiff's title. *Stevens vs. Griffith,* 3 *Ver. R.* 448.

It was not necessary, therefore, in this case, that the defendant should have pleaded specially, that he was not in the possession of the premises in dispute, at the time suit was commenced. And yet it was not competent for the plaintiff, on the other hand, to demur to this plea. At most, it was but an act of supererogation. The defendant did more than duty required of him. The Court was wrong in compelling the defendant to elect between these pleas, and in sending him to the Jury, upon the question of possession *alone.* The Court might very properly, for the symmetry of its records, have directed this supernumerary plea to have been stricken out as surplusage.

It is true, that if the verdict had been for the defendant, it would have ended the case ; but if the finding had been for the plaintiff, upon this issue of *possession,* still he would have to show title in himself, before he could have recovered. Under our system of appeals, therefore, this mode of procedure might have involved *four* trials instead of *two;* and for this reason, if no other, the practice should be discountenanced.

Let the cause be remanded, and further proceedings be had, in conformity with this opinion.