DAVID G. RODGERS, plaintiff in error, *vs.* SAMSON BELL *et al.*, defendants in error.

[TRIPPE, Judge, was providentially prevented from presiding in this case.]

1. When an action of ejectment is brought against one in possession of land, who is in fact a tenant of a third person, and it appears that the landlord knows of the suit, though he is not made a formal party, and the plaintiff recovers the land, he may, under a writ of possession, turn out, not only the tenant, but the landlord who has resumed the possession.

2. Under the decision of this court in *Akin vs. Freeman*, the dormant judgment act was suspended under the acts passed in 1860, and during the war, and in 1865 and 1866, suspending the statutes of limitation.

3. When an action of ejectment was pending against one in possession of land, and there was a verdict for the plaintiff, and the defendant appealed, and on the appeal, he, with the plaintiff's consent, withdrew the same, and a writ of possession issued, and was executed by turning out of possession a third person, who claimed that the defendant in the suit was his tenant, and that the appeal was withdrawn in fraud of his rights and by collusion :

*Held*, that to establish such fraud, it is not sufficient to prove the fact of the tenancy, and that the landlord did not know of the withdrawal of

the appeal; it must further appear that the plaintiff knew the defendant was only a tenant, and that the landlord was defending the suit in the tenant's name.

Ejectment. Landlord and tenant. Judgment. Statutes of limitation. Fraud. Evidence. Before Judge CLARK. Sumter Superior Court. April Term, 1873.

David G. Rodgers brought trespass *vi et armis* against Samson Bell and Alexander W. Wheeler for $1,000 00 damages, for ejecting him from a certain lot of land in the county of Sumter. The record fails to disclose any plea.

Francis W. Davis, Pleasant J. Allen and Steve V. Allen testified substantially as follows: Plaintiff was in the peaceable possession of the land described in the declaration, from January, 1860, to January 1st, 1872, claiming it as his own. On the day last aforesaid he was dispossessed by the defendants. Wheeler stated that he was acting under the authority of a writ of possession in favor of Bell against one Henry Wimberly. Plaintiff asked for time to make an affidavit that he did not hold under Wimberly. This was refused him. Estimated his damages at $1,000 00.

John R. Worrill testified substantially as follows: In 1859 an action of ejectment was brought by the defendant Bell against Wimberly for the land. The latter was then in possession as the tenant of the plaintiff, Rodgers. Rodgers employed witness and S. H. Hawkins to defend the action. On the first trial, it was thought advisable to confess judgment and to enter an appeal. Afterwards, in January, 1860, Bell procured Wimberly, in fraud of Rodgers' rights, to withdraw said appeal, and to attorn to him. Wimberly was only a nominal party. The withdrawal of the appeal was without the knowledge or consent of Rodgers. When witness and Hawkins were employed to defend said action of ejectment, Wimberly and Rodgers came to them together. The appeal was withdrawn by a fraudulent combination between Bell and Wimberly. The latter died some time before the year 1871.

S. H. Hawkins testified substantially as did the preceding witness.

The record of the action for the land by Bell against Wimberly was introduced. It showed a confession of judgment, reserving the right of appeal, and judgment at October term, 1859; also, a withdrawal of the appeal by the consent of the plaintiff, on January, 11th, 1860; also, a writ of possession against Wimberly, of date December 14th, 1871, with a return by A. W. Wheeler, deputy sheriff, dated January 2d, 1872, showing its execution. The record fails to disclose that Rodgers ever was made a formal party defendant.

The jury found for the defendants. The plaintiffs moved for a new trial, upon the following grounds, to-wit:

1st. Because the verdict was contrary to the charge of the court, to the effect that if more than seven years had expired before there was any attempt made to enforce the judgment against Wimberly after January, 1860, by writ of possession, for the premises in dispute, and no entry made, that the judgment was dormant, and the defendants were trespassers.

2d. Because Wimberly was dead at the time the writ of possession issued.

3d. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and the plaintiff excepted.

JOHN R. WORRILL, for plaintiff in error.

No appearance for defendants.

McCAY, Judge.

1. The tenant—the actual tenant—in possession, is the proper defendant in an action of ejectment. He is the adverse holder to the plaintiff, and he has a full right to treat him as the person keeping him out of his land. And our statute authorizes the writ of possession to issue, and to oust not only the defendant, but all persons put in *possession* by or claiming under, or by virtue of any conveyance from, him. In this

Rodgers *vs.* Bell *et al.*

case, the defendant in ejectment was the tenant of the present plaintiff, and like a good tenant, and as was his duty, he informed his landlord of the suit, and the landlord took steps to defend in his tenant's name. He employed counsel, who pleaded, and confessed judgment and then appealed. By not making himself a party he authorized the plaintiff to treat the tenant as the true owner or claimant, and by the authorities he made himself liable at common law for costs. The action of ejectment would be perfectly worthless if the landlord might, after judgment against the tenant, and before writ issues, resume his possession, and thus defeat the judgment. By a little management, the plaintiff could thus always be defeated. But the law is well settled otherwise.

2. In *Akin vs. Freeman,* this court, a majority, held that the dormant judgment act was suspended from 1861 to 1868, and so long as the court is constituted as it now is this is no longer an open question: See *Akin vs. Freeman,* 49 *Georgia,* 51.

3. As a matter of course, if the plaintiff in the ejectment suit colluded with the tenant, and got him to withdraw the appeal with intent to defraud the present plaintiff, the judgment would be void, and be no protection to Bell against the present suit. The plaintiff's witnesses very positively say there was this fraud and collusion, and we are free to say we have never seen such testimony as this before in a brief of testimony. The witnesses state in broad terms that Bell colluded with Wimberly, and that the appeal was withdrawn in fraud of Rodgers' rights. The brief further says that two other witnesses testified "substantially to the same things." How such evidence was allowed to go to the jury we are unable to comprehend. It is all the conclusions of the witnesses. Bell colluded with Wimberly. How Bell acted in fraud of Rodgers' right? How, it is not said, and it does not appear. So far as does appear, there was no *evidence* that Bell knew anything of Rodgers in the matter. He may have done so, and perhaps he did. But none of the witnesses say so. Fraud cannot be proven in this way. A witness must say more than

that there was fraud. That is a conclusion of law from facts, and the facts must be stated. The jury do not seem to have been willing to take the conclusions of the witnesses for facts, and found there was no proof of fraud, and we cannot say they did wrong.

Judgment affirmed.