## DAY *et al. vs.* CASE *et al.*

1. Where to an action of ejectment the defendant pleaded the general issue, and also filed special pleas to the effect that he was not in possession of lot No. 144 in the 19th district and 4th section (the lot described in the writ), but was in possession of No. 128; and also that there were two surveys of the district, ten years apart; that the State granted the premises in dispute as No. 128 under the survey of 1832, and that the grant under which the plaintiffs claim was made under the subsequent survey of 1842, and did not convey the premises in dispute, and if it attempted to do so, it could not, because the State did not then have any title:

   *Held*, that the defences set up by the special pleas could as well have been set up under the plea of the general issue; and a refusal to strike such pleas could not have hurt the plaintiffs.

   (*a*) The consent rule in ejectment, requiring the admission of possession, was not designed to force the defendant to admit possession so as to prevent or estop him from setting up a better title, or from requiring the plaintiff to show that his title covered the premises in dispute.

2. The evidence being conflicting, and the presiding judge having approved the finding of the jury, this court will not interfere.

   December 7, 1886.

Practice in Superior Court. Pleadings. Ejectment. Before Judge FAIN. Dade Superior Court. March Term 1886.

Reported in the decision.

JOHN G. HALE; R. J. McCAMY; GRAHAM & GRAHAM, for plaintiffs in error.

McCUTCHEN & SHUMATE, for defendants.

JACKSON, Chief Justice

An action of ejectment was brought to recover of the defendant lot No. 144 in the 19th district and fourth section of Dade county. The defence was that defendant was not guilty; and a special plea to the effect that he was not in possession of No. 144 in that district and section, but of

No. 128 in said district and section; and another that there were two surveys of the district, ten years apart, and that the State granted the premises in dispute as No. 128 under the survey of 1832, and that the grant under which plaintiffs claim is under the subsequent survey of 1842, and does not convey the premises in dispute, and if it attempted to do so, it could not, because the State had not then any title, having already granted it. The jury found for the defendant. The presiding judge sustained the verdict and refused a new trial, and error is assigned on that refusal.

1. The first assignment of error is, that the court erred in not striking all the pleas except the general issue. In our judgment, all defences set up in them could as well have been set up on the plea of not guilty. Therefore the plaintiffs were not hurt. If the object of having them stricken was to force the defendant, under the rule of court, to admit that he was in possession of No. 144, as it seems to have been, so as to prevent the defendant from proving that he had title to the lot he occupied as No. 128 under an older grant than plaintiffs', or that plaintiffs' title did not cover the premises occupied by him as No. 128, then the court was right not to strike the pleas but to let the issue be made and go to the jury. The admission of possession under the rule of court was never designed to force defendants to admit possession, if that admission prevented or estopped them from setting up a better title, or from requiring plaintiffs to show that their title covered the premises in dispute. If so, the rule is void to that extent. But it is unnecessary to go into that question further; because the plea of not guilty means that he is not guilty because the plaintiffs' title does not cover the land in dispute, and because the defendants' title is the better by reason of being derived from an older grant, or for any other legal ground. Surely a man is not guilty of the trespass charged in ejectment, if the person suing him has no title that covers the premises alleged to be trespassed upon, or where the trespasser has the title older and better than his own.

2. The other ground is that the verdict is contrary to the evidence, and therefore to law. The evidence is conflicting on the point whether defendant occupies No. 128 or No. 144. The jury passed upon it; the presiding judge approved the finding; and in such cases we do not interfere.

Judgment affirmed.