ELLIOTT v. ROBINSON.

ATKINSON, Presiding Justice. 1. The consent rule in common-law ejectment required only that the defendant admit lease, entry, and ouster. *Cumming* v. *Butler,* 6 *Ga.* 88; *Hilliard* v. *Connelly,* 7 *Ga.* 172; *Gabbett* v. *Sparks,* 60 *Ga.* 582. In this State that rule was extended by rule adopted at the convention of the judges of the superior courts in 1879, Powell on Actions for Land, 85, § 58, so as to require the defendant to admit also that he was in possession of the land described in the peti-

tion at the commencement of the action. *Brewster* v. *Wooldridge,* 100 *Ga.* 305, 308 (28 S. E. 43). By its inclusion in the Codes of 1895, 1910, and 1933 (§ 24-3322), which were regularly adopted by act of the legislature, the consent rule as extended assumed the additional qualities of a statute. *Central of Georgia Railway Co.* v. *State,* 104 *Ga.* 831 (2) (31 S. E. 531, 42 L. R. A. 518); *Elder* v. *Home Building & Loan Asso.,* 188 *Ga.* 113 (3 S. E. 2d, 75); *Alropa Corporation* v. *Pomerance,* 190 *Ga.* 1, 5 (8 S. E. 2d, 62); *Atlanta & West Point Railroad Co.* v. *Wise,* 190 *Ga.* 254 (9 S. E. 2d, 63); *Maddox* v. *First National Bank of Jefferson,* 191 *Ga.* 106, 109 (11 S. E. 2d, 662).

(*a*) The consent rule has never in this State extended to admission of title.

(*b*) The consent rule in this State is deemed by law to be filed in every case. Code, § 33-111.

2. In common-law ejectment the land must be described in each demise with such certainty that in the event of a recovery by the plaintiff the sheriff may, from the description given, execute the writ of possession. *Harwell* v. *Foster,* 97 *Ga.* 264 (22 S. E. 994); *Scoville* v. *Lamar,* 149 *Ga.* 333 (100 S. E. 96); Powell on Actions for Land, 55, § 25. The defendant may at the first term file a disclaimer of title or of possession, after which he will not be liable for future costs (Code, § 33-112), or, among others, he may file a plea of not guilty, which is the general issue. Powell on Actions for Land, 154, § 129. Where such plea is filed and is amended by a plea seeking to set off the value of permanent improvements placed on the land by defendant against mesne profits and to impress a lien upon the land for any balance, the issues thus raised are restricted to the land described in the demises. If the plaintiff prevails, the sheriff will put him in possession of only the land so described. That the defendant might be in possession of other land, and has made permanent improvements on such other land, is outside of the issues made by the pleadings, and wholly irrelevant to the case.

3. The instant case is in ejectment for recovery of possession and mesne profits of definitely described land in the southeast corner of Ninth and Swindle streets in the Town of Nashville, Georgia. The uncontradicted evidence shows that the real plaintiff and her immediate grantor, in whom demises were properly laid, entered in good faith and were successively in continuous adverse possession, under color of title, of the land so described, for more than seven years before the alleged ouster. Consequently the evidence demanded a finding for the plaintiff on the basis of title by prescription. Code, §§ 85-402, 85-407. Evidence tending to show that defendant had title by purchase from the city (as to which see 3 McQuillin on Municipal Corporations (2d ed.), 747, § 1242) to other land, three blocks away on Mathis street, that had been sold and bought in for city taxes, was irrelevant to the issues as made by the pleadings, and did not militate against the title of plaintiff to the land described in her petition. In the circumstances the verdict for the defendant was unauthorized by the evidence, and the judge erred in overruling the general grounds of the motion for a new trial.

4. No ruling will be made on the assignments of error in the special grounds of the motion for a new trial, all founded on evidence intro-

duced by the defendant on the basis of her claim of title to the lot on M'athis street, thus presenting questions that can not arise on another trial of the case. *Judgment reversed. All the Justices concur.*

No. 13819. SEPTEMBER 11, 1941.

*R. A. Hendricks* and *H. L. Jackson,* for plaintiff.
*Hamilton Burch,* for defendant.