LONG *v.* GODFREY.

No. 15031.   NOVEMBER 15, 1944.   REHEARING DENIED DECEMBER 4, 1944.

*Joseph G. Collins,* for plaintiff.

*Joe K. Telford* and *Boyd Sloan,* for defendant.

WYATT, Justice.   Long filed a suit in Dawson superior court against Godfrey, a resident of Hall County, in which he alleged that he was in possession of described real estate located in Dawson County, holding under a bond for title executed by Godfrey, with the purchase-money fully paid; and, by amendment, that "defendant refuses to make petitioner a deed."   The prayers were for a second original to be served upon Godfrey in Hall County, "and that petitioner recover said land with cost of suit."   The defendant filed a general demurrer on the grounds: (1) that the petition set forth no cause of action; and (2) that Hall County and not Dawson County had jurisdiction.   The trial court sustained the demurrer and dismissed the petition.   The exception is to this judgment.

"When the holder of a bond for title, or other written evidence of an executory contract of purchase, has complied with the conditions and paid the purchase-price in full, there is transmitted to him, by operation of law, the legal title, so far as it was held by his vendor."   Powell on Actions for Land, 169, § 140.   "When the purchase-money is fully paid (or the other condition of the bond is fulfilled, if the bond is not conditioned upon the payment of the purchase-money), the executory contract becomes executed, the legal title is transferred by operation of law from the vendor to the vendee, and the possession is no longer dual, but is in the vendee alone.   He has a title sufficient in law (so far as his vendor and all others without superior right are concerned) to support an action of ejectment or to defend against it.   If the vendor has retained the possession and the vendee has complied with his bond, the latter may sue in ejectment and recover the possession, and in this case the vendor is estopped from denying the vendee's title."

Id., 510, § 382. "It is well settled that where a vendee makes a contract for the purchase of land and pays all the purchase-money, and nothing remains to be done by him in order to comply with his part of the contract, he thereby acquires whatever title the vendor had, even in the absence of a deed. Such title is the equivalent of a deed from the vendor." *Grace* v. *Means,* 129 *Ga.* 638, 641 (59 S. E. 811), and cit. "Ejectment being a possessory action, it cannot, as a rule, be maintained for land of which plaintiff is in possession. It must ordinarily be shown that defendant keeps plaintiff out of the possession unlawfully; or that there is an ouster or disseizin, dispossession, a real disturbance either in fact or in law, actual trespass, or tortious entry, as well as a wrongful possession." 28 C. J. S. 879, § 25 (b). "At common law four things are necessary to support an action in ejectment—namely, title, lease, entry, and ouster. However, modern statutes have dispensed with the necessity for a lease, and entry by the defendant and ouster of the plaintiff are no longer requisite when it appears that the plaintiff has the possessory title to property, the possession of which is withheld by the defendant." 18 Am. Jur. 12, § 7. "No party shall be permitted to defend an ejectment cause, or an action of complaint for land, who does not admit that he was in possession of the premises in dispute at the commencement of the action." Code, § 24-3322. "The property for which ejectment will lie must be real and not personal, corporeal and not incorporeal, must be an estate in land rather than a mere charge upon it, and must be capable of actual or constructive delivery by the sheriff into the possession of the party in the event of a recovery. As a corollary to this rule, another may be announced: The action must be directed against some possession, actual or constructive, of the defendant." Powell on Actions for Land, 77, § 48. See also *Wachstein* v. *Christopher,* 128 *Ga.* 229 (57 S. E. 511, 11 L. R. A. (N. S.), 917, 119 Am. St. R. 381). "Allen's relation to the land, viewed after the most searching analysis, resolves itself into, simply, a trust for the purchaser—a mere power abiding in him to execute a formal conveyance of title—that power is not property—not an interest in the land—is incorporeal, intangible, and incapable of alienation." *Adams* v. *Brooks,* 35 *Ga.* 63, 65. "Construed with reference to the demurrer, we find that the plaintiffs are the owners of valuable property rights; that they are prevented from taking

physical possession of the same and exercising the rights of ownership by the defendants, because the defendants deny the passage over the surface lands of defendants in order to assume possession. If the defendants were in possession and that were all, the plaintiffs could avail themselves of a suit in ejectment; but they cannot do so when the defendants are not in possession and when the wrong complained of is that they will not permit the plaintiffs to go upon and pass over the surface owned by the defendants, which is necessary to gain access to the minerals." *Davison v. Reynolds,* 150 *Ga.* 182, 185 (103 S. E. 248). "The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove actual possession in himself. *Thompson* v. *Elowah Iron Co.,* 91 *Ga.* 538 (17 S. E. 663); *Weyman* v. *Atlanta,* 122 *Ga.* 539 (50 S. E. 492); *McMullen* v. *Cooper,* 125 *Ga.* 435 (54 S. E. 97); *Adams* v. *Johnson,* 129 *Ga.* 612 (59 S. E. 269); Myers *v.* Mayhew, 32 D. C. App. 205. The reason for this rule is that where the defendant is in possession the plaintiff has a remedy to test his title at law by bringing an action in ejectment, which is ordinarily deemed an adequate remedy, and in consequence there is no ground for the exercise of equitable jurisdiction, which is based upon the fact that where the plaintiff is in possession he can maintain no action at law to test his title." *Mentone Hotel & Realty Co.* v. *Taylor,* 161 *Ga.* 237, 241 (130 S. E. 527).

The principle of law enunciated in the above-cited authorities makes clear the proposition that the holder of a bond for title with all purchase-money paid, and in possession of the property, is the holder of a perfect equity, upon which he may predicate an action in ejectment against anyone who attempts to or does oust him from possession. He may likewise defend his title and possession as against ejectment. Construing the petition in this case to be a suit in ejectment for the recovery of land—and it must be so construed in order for the courts of Dawson County to have any jurisdiction —what do we find the result to be? The plaintiff seeks to recover possession of land of which he is already in full and complete possession, and seeks to have decreed into him the title to land already vested in him. This cannot be a sound legal position. The plaintiff has vested in him legal title to the property and is in undisturbed possession. The only thing to which he is entitled that he

does not now have is the paper evidence of his title. He, of course, has his remedy to secure this, but not in an ejectment suit for the recovery of land. It follows that there was no error in the judgment sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*