KAUFFMAN *v.* DEESE.

HEAD, Justice. 1. The sufficiency of the description of premises sought to be recovered by an action in ejectment may be tested by general demurrer. *Scoville* v. *Lamar,* 149 *Ga.* 333 (100 S. E. 96); *Darley* v. *Starr,* 150 *Ga.* 89 (102 S. E. 819); *Hamil* v. *Gormley,* 188 *Ga.* 585, 586 (4 S. E. 2d, 471).

2. In an action to recover land, the description of the property must be sufficiently definite to enable the sheriff to execute a writ of possession based on the description set out in the petition, in the event there should be a recovery by the plaintiff. *Harwell* v. *Foster*, 97 *Ga.* 264 (22 S. E. 994); *Clark* v. *Knowles*, 129 *Ga.* 291 (58 S. E. 841); *Brewton* v. *Brewton*, 167 *Ga.* 634 (146 S. E. 444).

(*a*) A description of land as "one acre, more or less, bounded on the North by the Washington Public Road, now State Route No. 104; East by lands formerly R. R. Hunter; South and West by lands formerly M. H. Hunter, now C. T. Deese [defendant]," is too indefinite to support a writ of possession in the event there should be a recovery by the plaintiff. No starting point is given and no measurements are stated whereby the boundaries may be ascertained. The premises are not referred to so as to indicate an intention to identify a particular tract by a given name. There is nothing to show how far south and west the line of separation should be with reference to the other lands of the defendant, C. T. Deese. *Hamil* v. *Gormley*, supra; *Oglesby* v. *Volunteer State Life Insurance Co.*, 195 *Ga.* 65, 67 (23 S. E. 2d, 404).

(*b*) In the present case, however, the description of the land sought to be recovered contains a reference to another recorded deed. The description set out in the petition must be construed in conjunction with the deed to which reference is made (*Yopp* v. *Atlantic Coast Line Railroad Co.*, 148 *Ga.* 539, 540, 97 S. E. 534; *Whitfield* v. *Maddox*, 189 *Ga.* 870, 874, 8 S. E. 2d, 57; *Deaton* v. *Swanson*, 196 *Ga.* 833, 835, 28 S. E. 2d, 126); and the description is sufficient to withstand a general demurrer.

3. "Generally speaking, a complaint in ejectment is sufficient if it contains averments that the plaintiff is entitled to possession and that the defendant wrongfully or unlawfully keeps him out of possession." *Cochran* v. *Groover*, 156 *Ga.* 323, 333 (118 S. E. 865); 28 C. J. S. 911, § 61; 18 Am. Jur. 74, § 84; *Mentone Hotel & Realty Co.* v. *Taylor*, 161 *Ga.* 237, 241 (130 S. E. 527); *Long* v. *Godfrey*, 198 *Ga.* 652, 654 (32 S. E. 2d, 306). The plaintiff does not allege that the defendant is in either actual or constructive possession of the lands sought to be recovered, nor does the plaintiff allege that he is entitled to the possession thereof. The petition is insufficient to state a cause of action for ejectment.

(*a*) The consent rule (Code, § 33-111) "applies where there is an allegation of lease, entry, and ouster, or what is considered equivalent thereto, in a statutory form of action to recover land. It can hardly be contended that an action of ejectment would lie with no allegation of ouster [possession by the defendant], or that the consent rule would supply such a failure of allegation." *Southern Title Guarantee Co.* v. *Lawshe*, 137 *Ga.* 478, 482 (73 S. E. 661).

4. Under the foregoing rules, the court properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

No. 16684. SEPTEMBER 14, 1949. REHEARING DENIED OCTOBER 13, 1949.

*Pierce Brothers*, for plaintiff.

*Boller & Yow* and *John F. Hardin*, for defendant.