### 19282. SMITH *v.* WELCH *et al.*

CANDLER, Justice. The plaintiff brought common-law or fictitious ejectment against the defendants to recover possession of a small tract of land and a stated amount as mesne profits. The demise was laid in C. D. Craddock. The defendants filed a plea of not guilty. The plaintiff later amended his petition and laid a demise in Herman O. Smith and reduced his claim for mesne profits. To this amendment the defendants filed no answer. The real parties to this litigation are adjacent landowners, each owning a part of land lot number 99 in district 14 of Fulton County, and the controversy respects the location of the boundary line between their tracts. The land of the real party plaintiff is a portion of and on the south part of lot 12 in North Hapeville Subdivision, and the land of the real parties defendant is a portion of and on the north part of the same lot. Neither party disputes the title of the other to his tract as a whole. The plaintiff alleges that the defendants have wrongfully taken possession of and ousted him from an area on the north side of his tract a strip which fronts nine feet on the west side of Springdale Road and "feathers" back 320 feet to a point on their true dividing line. He contends that the northeast corner of his tract is at a point on the west side of Springdale Road 290.5 feet south from the place where Springdale Road intersects the north original line separating lots 99 and 100 measured along the west side of Springdale Road. The defendants contend that the dividing line between their tract and the plaintiff's is a straight line parallel with the north original line of the lot on which they are located, which extends west from a point on the west side of Springdale Road 290.5 feet south from the original north line of the lot. The evidence, oral and documentary, covers 325 pages of the record. When the introduction of evidence was concluded, both the plaintiff and the defendants moved for a directed verdict, and the trial judge directed a verdict for the defendants. The plaintiff moved for a new trial on the usual general grounds, and amended his motion by adding six special grounds, one of which alleges that the court erred in directing a verdict in favor of the defendants. His amended motion was denied, and the exception is to that judgment. *Held:*

1. Special grounds 5, 6, 7, 8, and 9 complain of the admission, over the plaintiff's objection of a bond for title and certain deeds respecting the land in question as well as adjacent property. These instruments were of aid in locating the boundary line in dispute. For that purpose they

were relevant and material, and the court did not err, as contended by the movant, in allowing them in evidence.

2. It is stated in the brief for the plaintiff in error that the original petition in this case was filed on July 1, 1952, but by error the demise was laid in the name of C. D. Craddock, "although the headings, pleadings and all service was laid in the name of Herman O. Smith"; that an amendment to the petition was filed on September 16, 1954, laying the demise in Herman O. Smith; and that the defendants filed no plea or answer to the amendment. Special ground 10 of the motion for new trial alleges that a verdict for the plaintiff should have been granted by the trial judge, since the defendants failed to admit that they had possession of the land in dispute when this litigation was instituted. This contention is not meritorious. In the first place, the defendants had previously filed a plea of not guilty—a plea of general issue, and it was not necessary for them to answer the plaintiff's amendment. *Hudson* v. *Hudson,* 119 *Ga.* 637, 640 (46 S. E. 874); and in the second place, the consent rule embodied in Code § 33-111 is applicable to actions of ejectment brought in the fictitious form. *Elliott* v. *Robinson,* 192 *Ga.* 682 (16 S. E. 2d 433). In this State the consent rule is deemed by law to be filed in every ejectment case (*Elliott* v. *Robinson,* supra); and, as to the premises involved, it admits lease, entry, and ouster and requires the defendant to rely solely upon the merits of his title. *Kauffman* v. *Deese,* 205 *Ga.* 841 (3a) (55 S. E. 2d 353). And Code § 33-311 declares that in ejectment cases the fictitious forms in pleading shall be sufficient.

3. It is not erroneous for a trial judge to direct a verdict in a civil case where there is no conflict in the evidence introduced and when all reasonable deductions or inferences which may be drawn therefrom demand the verdict so directed. Code § 110-104; *Northwestern University* v. *Crisp,* 211 *Ga.* 636, 649 (88 S. E. 2d 26), and the cases there cited. The real parties to this litigation acquired title to their lands from a remote common grantor. The two tracts are adjacent and each fronts on Springdale Road. We have carefully examined the several links in the parties' chains of title, and it appears from their descriptive averments that the north line of the plaintiff's land and the south line of the defendants' land is a straight line parallel with the north original line of the lot on which they are located, and extends west from a point on the west side of Springdale Road 290.5 feet south from the north original line of land lot number 99. In his judgment denying the plaintiff's amended motion for a new trial Judge Pharr said: "Taking the original beginning points in the original deeds to mean what they said and checking them with the original plats, it is impossible for the land lines to be as plaintiff contends." To the correctness of this statement we fully agree. The plaintiff acquired title to his tract from C. D. Craddock on May 18, 1950, and by a warranty deed which describes it as follows: "Beginning at a point marked by an iron pin on the west side of Springdale Road 290.5 feet south from the land lot line separating land lots 99 and 100 and running thence south along the west side of Springdale Road 112.5 feet to an iron pin; thence 320 feet to an iron pin; thence north 112.5 feet to an iron pin; thence east 320 feet to an iron pin on Springdale Road at the point of beginning; being a part of the south

half of lot 12 of the North Hapeville Subdivision." During the trial and and while the plaintiff was giving his oral testimony, a plat which had been prepared in 1952 by J. W. Steed, a registered surveyor, was exhibited to him, which shows that his north line and the defendants' south line extends west from a point on the west side of Springdale Road 290.5 feet south of the original north line of the lot; and the plaintiff wrote on the plat and initialed the following words: "9 ft. north of this line is what I claim as my line." The line thus pointed out and contended for by him has a corner on Springdale Road 9 feet north of the corner on Springdale Road, expressly fixed by a descriptive averment in the deed to him from his immediate grantor Craddock, and no other deed conveying title to him for any part of his tract was offered in evidence. Harold L. Bush, a registered surveyor, as a witness for the plaintiff, testified that he prepared two plats of the plaintiff's property; that Springdale Road is not perpendicular to the north original line of lot number 99; that his measurements were made along the western side of Springdale Road; that a straight line 290.5 feet south from the north original line to where it intersects Springdale Road is a shorter line than the one he ran along the western side and with the meanderings of said road. It is the plaintiff's contention that the northeast corner of his tract should be located and fixed at a point on Springdale Road 290.5 feet south from the north original line measured along and with the meanderings of said road. The plat prepared by J. W. Steed, shows the distance from the north original line of the lot to a point on the west side of said road 290.5 feet south from the north original line of the lot to be 299.5 feet, when measured from the north original line of the lot along the west side of and with the meanderings of said road, and all of the deeds in the plaintiff's chain of title locate and fix his northeast corner at a point on the west side of Springdale Road 290.5 feet south from the original north line of the lot. According to the plaintiff's deed and the other documentary and oral evidence introduced on the trial, the land involved is not owned by him; but the evidence, as we view it conclusively shows it to be a part of the defendants' tract. A verdict for the defendants was therefore demanded by the evidence; and this being true, the direction of a verdict for them was a proper disposition of the case.

It follows from what has been ruled above that the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

Argued March 12, 1956—Decided April 9, 1956.

*R. E. Fendler,* for plaintiff in error.
*Northcutt & Edwards, Edwin R. Johnston,* contra.