19681. VINSON *v.* CANNON.

340

ARGUED APRIL 9, 1957—DECIDED MAY 13, 1957—REHEARING
DENIED JUNE 12, 1957.

*Forester & Calhoun, A. J. Whitehurst,* for plaintiff in error.
*Jesse J. Gainey, James T. Gainey,* contra.

DUCKWORTH, Chief Justice. Needless to say the fictitious forms of pleading in ejectment are still the law in this State, with the defendant admitting the lease and entry of the plaintiff and his ouster by the defendant from the lands involved. Code § 33-111; Code (Ann. Supp.) § 24-3344. But the fictitiousness of the pleadings does not presume to go further and to set up a

fictitious issue for the settlement of more purported claims of the adversaries. The purpose of the action is to eject the defendant from possession of the land involved. Consequently, the averments of the plaintiff must allege that he is entitled to possession and the defendant wrongfully or unlawfully keeps him out of possession. 28 C. J. S. 911, § 61; *Cochran* v. *Groover*, 156 *Ga.* 323, 333 (118 S. E. 865); *Mentone Hotel & Realty Co.* v. *Taylor*, 161 *Ga.* 237, 241 (130 S. E. 527); *Long* v. *Godfrey*, 198 *Ga.* 652 (32 S. E. 2d 306); *Kauffman* v. *Deese*, 205 *Ga.* 841 (3) (55 S. E. 2d 358).

In this case, after the defendant, in addition to his plea of the general issue, filed a special plea, the court ordered the plaintiff to reply to the so-called "special plea," which is contrary to Code (Ann.) §§ 81-115 and 81-311, since it set up no equitable defenses but merely claimed prior settlement of land-line disputes. While the superior courts of this State may require proper and sufficient pleadings when an equitable claim or defense is presented (Code § 37-908), replication is no longer required, and no special pleadings shall be admitted but every case shall go to the jury to be tried upon "the petition, process, and answer alone." Code (Ann.) §§ 81-115, 81-309, 81-311; *McLaren* v. *Birdsong & Sledge*, 24 *Ga.* 265. And there can be no special pleading in the fictitious form of ejectment. *Cumming* v. *Butler*, 6 *Ga.* 88; *Day* v. *Case*, 78 *Ga.* 58. However, the plaintiff did not except here to this order, and although he did file a motion to vacate and set it aside and demurrers to the plea, he answered by showing that he and not the defendant was in possession of all the land described in his petition, which is in conflict with the original petition wherein he alleges that the defendant ousted him and is in possession. He then alleges a claim by the defendant to 10 acres of his land, but fails to properly describe it. Considering the entire pleadings of the plaintiff, his original petition, and the reply, as a whole, and construing the pleadings most strongly against him—as we must on the motion to dismiss, which is the same as a general demurrer to the entire pleadings—he fails to allege a cause of action for the relief sought, since he shows that he is in possession of the land and not the defendant, and we are no longer able to say what lands,

if any, are in possession of the defendant. Hence the court did not err in sustaining the motion to dismiss and in dismissing the petition. *Heath* v. *Miller*, 197 *Ga.* 443 (29 S. E. 2d 416); *Rodgers* v. *Bell*, 53 *Ga.* 94; *Doyal* v. *Russell*, 183 *Ga.* 518 (3) (189 S. E. 32); *Douglas* v. *Vourtsanis*, 203 *Ga.* 64 (2), 66 (45 S. E. 2d 203); *Kauffman* v. *Deese*, 205 *Ga.* 841 (3), supra, and cases cited therein.

*Judgment affirmed. All the Justices concur.*