22709. HARRY v. SCENIC HEIGHTS DEVELOPMENT
CORPORATION.

Submitted November 9, 1964—Decided January 7, 1965.

*A. B. Parker,* for plaintiff in error.
*George C. Kennedy,* contra.

Head, Presiding Justice. ■  This court has considered previous litigation between the parties in the present case. See *Harry v. Scenic Heights Development Corp.,* 218 Ga. 352 (127 SE2d 898); *Scenic Heights Development Corp. v. Harry,* 218 Ga. 695 (130 SE2d 215); *Scenic Heights Development Corp. v. Harry,* 219 Ga. 253 (132 SE2d 711).

In an action in ejectment for the recovery of land the petition should describe the land with such accuracy that a writ of possession may issue thereon in the event the plaintiff should recover. *Harwell v. Foster,* 97 Ga. 264 (22 SE 994); *Guess v. Morgan,* 196 Ga. 265, 273 (5) (26 SE2d 424); *Kauffman v. Deese,* 205 Ga. 841 (2) (55 SE2d 358).

In the present case the plaintiff sought to amend the description of the land sought to be recovered. In his first amendment, as in *Scenic Heights Development Corp. v. Harry,* 219 Ga. 253, supra, he attached a plat which showed the land to be in Talbot County and not in Meriwether County. By a second amendment the first amendment was stricken in its entirety and all of the original petition was stricken following the words "to wit" in the description, except the prayer for process. In the second amendment the plaintiff's description of the land did not conform to the description in the original petition so as to show that by amendment of the description he was in reality seeking to recover the same land. This is true since by the amendment the plaintiff moved the point of beginning 203 feet east of the

beginning point in the original petition, and thereafter used the same distances of measurement.

". . . [A] mere clerical mistake in describing the land, or a failure to give a full and complete description, may be cured by amendment, provided always that it is apparent from the two descriptions that in both instances the pleader had in mind the same tract of land. . . It is manifest, however, that an amendment describing an entirely different tract of land from that described in the original petition is not allowable." *Venable v. Burton,* 118 Ga. 156, 159 (45 SE 29); *Stringer v. Mitchell,* 141 Ga. 403 (2a) (81 SE 194); *Martin v. Oakhurst Development Corp.,* 197 Ga. 288, 294 (29 SE2d 179); *Jackson v. Sanders,* 199 Ga. 222, 224 (33 SE2d 711, 159 LRA 638). The second amendment sought to recover land that was not included in the original petition and the amendment was properly stricken on demurrer.

■ "The purpose of the action [ejectment] is to eject the defendant from possession of the land involved. Consequently, the averments of the plaintiff must allege that he is entitled to possession and the defendant wrongfully or unlawfully keeps him out of possession." *Vinson v. Cannon,* 213 Ga. 339 (99 SE2d 108). All averments of the original petition relating to the defendant's possession and the plaintiff's right of possession having been voluntarily stricken by the plaintiff by amendment, his petition failed to state a cause of action for the recovery of any land and was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur.*