## 30557. McNEIL v. SCHWALL.

NICHOLS, Chief Justice.

In 1961 Blandena Curry received title to a 10 acre tract of land under the will of her foster mother. In December, 1964 she entered into a contract of sale with Alfred Wright whereby he was to go into possession of such realty and make payments over a 10-year period. On April 30, 1970, Alfred Wright executed an assignment of such contract to John H. McNeil. This assignment included a statement that "said contract has been modified by an agreement by which the buyer is able to make up arrears created prior to 1968 by making payments of $14.22, more or less, to apply on the accumulated arrears." Thereafter, John H. McNeil filed the present ejectment action naming Blandena Curry as defendant. After her death Emory A. Schwall, executor of her estate, was substituted as a party defendant. On the trial of the case, at the close of the evidence, the trial court directed a verdict for the defendant and thereafter the plaintiff's motion for new trial was overruled and the present appeal filed. The sole issue on appeal is whether or not the trial court erred in directing a verdict for the defendant.

The complaint alleged that the original defendant, Blandena Curry, was in possession of a certain lot of land in Madison County, Georgia and that the contract between Alfred Wright and Blandena Curry had been assigned to the plaintiff John H. McNeil.

The evidence introduced on the trial of the case showed that physical possession of such real estate had been in the Wrights at all times since the contract was executed in 1964 between Alfred Wright and Blandena Curry. There was no evidence adduced that Blandena Curry or her executor had been in actual or constructive

possession of such property at any time since such contract was executed.

"The purpose of the action is to eject the defendant from possession of the land involved. Consequently, the averments of the plaintiff must show not only that he is entitled to possession but that the defendant wrongfully or unlawfully keeps him out of possession. A plaintiff who is in undisturbed possession may have his remedy for the perfecting of his title, but it cannot take the form of an ejectment suit for the recovery of land." Pindar, Ga. Real Estate Law, § 23-22, p. 879, citing *Vinson v. Cannon,* 213 Ga. 339 (99 SE2d 108) (1957); *Long v. Godfrey,* 190 Ga. 652 (32 SE2d 306) (1944). See also 28 CJS 879, Ejectment, § 25 (b).

Inasmuch as the evidence demanded a verdict for the defendant, the trial court did not err in directing such verdict, and the remaining contentions of the plaintiff-appellant present nothing for review.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1976 — DECIDED JANUARY 27, 1976.

*Guy B. Scott, Jr.,* for appellant.
*Schwall & Heuett, Emory A. Schwall, Robert J. Kaufman,* for appellee.