A94A0006. TURNER v. AMSOUTH MORTGAGE
COMPANY, INC.
(442 SE2d 468)

BLACKBURN, Judge.

The appellant, Patricia Turner, purchased a townhouse in January 1984, at which time she was provided a copy of a survey plat showing the boundaries of her lot. Approximately one week later, the adjoining townhouse was purchased by Dan and Debbie Rushing, who were given the same survey plat as Turner. Turner and the Rushings financed their purchases, and the deeds to secure debt they executed eventually were transferred to the appellee, Amsouth Mortgage Company, Inc. (Amsouth).

In 1987, Turner obtained another survey of the property, which indicated that the Rushings' townhouse encroached about four feet onto Turner's lot. Turner attempted to discuss the matter with the Rushings, but they disputed the existence of an encroachment. In late 1989, the Rushings sold their townhouse to Margaret Roth, who was later advised of the alleged encroachment by Turner.

On August 5, 1991, Turner commenced this action against the original surveyor, the builder/seller of the property, Roth as the current owner, and Amsouth. The trial court granted summary judgment for Amsouth, and this appeal followed. The appeal originally was filed with the Supreme Court, which transferred the case to this court.

The relief Turner sought against Amsouth included an injunction for the immediate removal of the alleged encroachment at Amsouth's expense, and against any further trespass or encroachment. As such, Turner's claim against Amsouth was akin to an action of ejectment for recovery of land, the purpose of which is to eject the defendant from possession of the land involved. *Harry v. Scenic Heights Dev. Corp.*, 220 Ga. 497 (2) (140 SE2d 192) (1965).

In the instant case, although Amsouth holds a security deed on the property in question, at no time has it possessed the property or been entitled to possession. The legal title held by Amsouth by virtue of the security deed "is not a title accompanied by the right of possession. . . ." *Capps v. Smith*, 175 Ga. 795, 796 (5) (166 SE 234) (1932). Cf. *Randolph v. Merchants &c. Loan Co.*, 181 Ga. 671 (183 SE 801) (1936). Amsouth not being in possession of the property, Turner's complaint against Amsouth failed to state a basis upon which the requested injunctive relief could be granted. Accordingly, the trial court properly granted summary judgment for Amsouth.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 8, 1994 —
RECONSIDERATION DENIED MARCH 25, 1994.

James R. Gee, for appellant.
Chesnut & Livingston, Tom Pye, Chambers, Mabry, McClelland
& Brooks, Robert M. Darroch, for appellee.