A10A1869. ANDRADE et al. v. GRADY MEMORIAL HOSPITAL CORPORATION.

(707 SE2d 118)

ANDREWS, Judge.

Reina Andrade and Anabel Quintanilla appeal from the trial court's order dismissing their suit against Grady Memorial Hospital Corporation over Grady's closure of the outpatient dialysis clinic where they were patients. For the following reasons, we affirm.

After Grady notified Andrade and Quintanilla that it intended to close the clinic where they received three to four years of free outpatient dialysis treatment, they sued Grady on various grounds. The complaint alleged that Andrade and Quintanilla are indigent immigrants[1] who are uninsured, cannot afford to pay for dialysis treatment, and need the free treatment to stay alive. The amended version of the complaint at issue did not allege that Grady stopped providing Andrade and Quintanilla with free dialysis treatment after the clinic closed. Rather it alleged that, after Grady notified them in early August 2009 of the coming closure and then closed the clinic near the end of September 2009, Grady continued to provide them with free dialysis treatment pursuant to a contract between Grady and another dialysis provider. The complaint alleged that the contract provided for continued free treatment for one year after the closure, but that Grady threatened to stop paying for their treatment about three months after it closed the clinic. Based on these allega-

---

[1] The complaint, which states that Andrade and Quintanilla are immigrants from Honduras and Mexico, respectively, but does not make clear their immigration status, may be construed to allege that they are legal or illegal resident aliens with the right to bring the subject action. See *Barge-Wagener Constr. Co. v. Morales,* 263 Ga. 190, 192 (429 SE2d 671) (1993); OCGA § 1-2-11. Grady did not challenge the trial court's jurisdiction in this case.

tions, Andrade and Quintanilla claimed: (1) that Grady's closure of the clinic threatened to deprive them of necessary dialysis treatment and was state action which violated provisions of the Georgia Constitution prohibiting deprivation of life without due process of law; (2) that Grady threatened to breach the contract to pay for the other provider to give them a year of free dialysis treatment after the clinic closed, and that they are entitled to breach of contract damages as third-party beneficiaries to the contract; and (3) that Grady wrongfully abandoned them as dialysis patients. The suit also sought injunctive relief to prohibit Grady from abandoning treatment, and sought certification as a class action brought in the name of similarly situated persons.

The trial court granted Grady's motion pursuant to OCGA § 9-11-12 (b) (6) to dismiss the suit for failure to state a claim.

> A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

(Citation and punctuation omitted.) *Stendahl v. Cobb County*, 284 Ga. 525 (668 SE2d 723) (2008). Applying these standards, we find no merit to Andrade's and Quintanilla's claims that the trial court erred by dismissing the suit.

1. The complaint failed to state a claim for violation of the due process clause of the Georgia Constitution of 1983 (Article I, Section I, Paragraph I) which provides that, "No person shall be deprived of life, liberty, or property except by due process of law." We need not address Grady's contentions that this claim fails because Andrade and Quintanilla lack standing in the absence of an allegation that they are Georgia citizens, and because closing the clinic was not governmental or state action of a type regulated by the due process clause.[2] See *Reinertsen v. Porter*, 242 Ga. 624, 627 (250 SE2d 475)

---

[2] Andrade and Quintanilla contend that Grady acted as the agent of the Fulton-DeKalb Hospital Authority when it closed the outpatient clinic and that this was governmental or state

(1978); *Dept. of Human Resources v. Northeast Ga. Primary Care*, 228 Ga. App. 130, 131-133 (491 SE2d 201) (1997). Assuming, without deciding, that there was standing and that the closing was governmental or state action, Andrade and Quintanilla had no constitutional right to the dialysis treatment.

Andrade and Quintanilla allege that closing the clinic where they received life-sustaining dialysis treatment free of charge was state action which placed their lives in jeopardy in violation of the substantive component of the Georgia Constitution's due process clause. Although the substantive component of the due process clause protects an interest in life, it "imposes upon the State affirmative duties of care and protection (including medical care) with respect to particular individuals . . . when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself. . . ." (Punctuation omitted.) *Murphy v. Bajjani*, 282 Ga. 197, 202 (647 SE2d 54) (2007) (quoting *DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U. S. 189, 198-200 (109 SC 998, 103 LE2d 249) (1989)). For example, substantive due process "requires the State to provide adequate medical care to involuntarily-committed mental patients, and to suspects in police custody who were injured while being apprehended." (Citations and punctuation omitted.) *Murphy*, 282 Ga. at 202. By contrast, even if Andrade and Quintanilla depended for their lives upon the free dialysis treatment they voluntarily received from Grady for several years, they were not forced by any state-imposed restriction to become dependent, and they acquired no constitutional right to continue to receive the treatment. *DeShaney*, 489 U. S. at 196-197.

2. The complaint failed to state a claim that Grady, acting through its medical provider agents, violated a duty of care not to wrongfully abandon the medical treatment it provided to Andrade and Quintanilla. An allegation that a patient's medical treatment was abandoned at a critical stage because the medical treatment provider either failed to give reasonable notice or failed to arrange for another competent provider to continue treatment is a claim for medical negligence. *King v. Zakaria*, 280 Ga. App. 570, 574 (634 SE2d 444) (2006).[3] Essential to this claim is proof that Andrade and Quintanilla suffered actual injury as a result of wrongful abandonment of treatment. *Meeks v. Coan*, 165 Ga. App. 731, 733 (302 SE2d 418) (1983). The complaint did not allege that treatment was

---

action regulated by the due process clause.

[3] Although the complaint also asserted that the alleged abandonment was an intentional tort by which Grady intentionally inflicted emotional distress, Andrade and Quintanilla have abandoned this claim by failing to enumerate error or to address any argument with respect to the dismissal of this claim.

discontinued; rather the complaint alleged that, after Grady closed the clinic, Grady continued to provide Andrade and Quintanilla with free dialysis treatment pursuant to a contract between Grady and another dialysis provider. Andrade and Quintanilla essentially concede this point in their appellate brief arguing that Grady's "conduct to date holds it in anticipatory breach of their duty of care." The complaint failed to state a claim because it failed to allege a breach of the duty of care requiring that Grady not wrongfully abandon medical treatment or any injury flowing from such breach.

3. The complaint also failed to state a claim that Andrade and Quintanilla were entitled as third-party beneficiaries to sue for breach of the contract between Grady and another medical provider to provide free dialysis treatment for one year after the Grady clinic closed. In addressing this claim, the trial court properly considered the subject contract between Grady and Fresenius Medical Services, which Grady attached as an exhibit to its answer to the complaint.[4] *Shreve v. World Championship Wrestling*, 216 Ga. App. 387, 388 (454 SE2d 555) (1995).

The contract, entitled "Outpatient Dialysis Agreement," was effective September 1, 2009 (about a month prior to the date the complaint alleged that Grady closed its outpatient dialysis clinic) and covered a term of one year from the effective date. The contract provided in relevant part that "[Grady] has, at present, and will have, from time to time, in-patients who have End Stage Renal Disease ('ESRD Patients')," and that "[Grady] desires to discharge some ESRD Patients who still require ongoing chronic dialysis treatments." The contract referenced various outpatient dialysis centers established by Fresenius where Grady desired to arrange for "ESRD Patients" to have the option to receive outpatient dialysis services, and Fresenius agreed to provide outpatient dialysis services to "ESRD Patients." Under the terms of the contract, Grady and Fresenius agreed to

> mutually cooperate to offer continuing outpatient dialysis treatment services to all ESRD Patients requiring outpatient dialysis treatment upon ESRD Patients' discharge from [Grady]. For all ESRD Patients who are ultimately placed at a Center, [Fresenius] shall bill [Grady] and [Grady] shall pay for such treatment for these patients in accordance with this Agreement.

---

[4] Although the complaint also alleged that Andrade and Quintanilla were third-party beneficiaries to another contract between Grady and the Fulton-DeKalb Hospital Authority, no error was asserted with respect to the trial court's dismissal of this claim.

The general rule, as set forth in OCGA § 9-2-20 (a), is that an action on a contract "shall be brought in the name of the party in whom the legal interest in the contract is vested. . . ." An exception to the general rule is set forth in OCGA § 9-2-20 (b), which provides that "The beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract." For a third party to have standing under OCGA § 9-2-20 (b) to bring an action on a contract between other parties, "it must appear clearly on the face of the contract that it was intended for the benefit of the third party." *Crisp Regional Hosp. v. Oliver*, 275 Ga. App. 578, 583 (621 SE2d 554) (2005); *Miree v. United States*, 242 Ga. 126, 135 (249 SE2d 573) (1978). "The mere fact that [the third party] would benefit from performance of the agreement is not alone sufficient." Id. at 135. The subject contract does not clearly show on its face that it was intended for the benefit of Andrade and Quintanilla. When Grady and Fresenius entered into the contract effective September 1, 2009, both Andrade and Quintanilla, as alleged in their complaint, had End Stage Renal Disease and had been outpatients at the Grady dialysis clinic for years. The contract makes no reference to clinic outpatients existing on the contract's effective date. Rather, the contract refers to "ESRD Patients" defined as present and future Grady in-patients with End Stage Renal Disease whom Grady discharges after the contract becomes effective. Even though Andrade and Quintanilla alleged in their complaint that, on the effective date of the contract, they were existing clinic outpatients who benefitted by receiving free dialysis treatment pursuant to the contract, the contract plainly shows that there was no intent to confer third-party beneficiary status on existing clinic outpatients.

4. Because the underlying claims in the complaint were correctly dismissed, as set forth in Divisions 1, 2, and 3, supra, the trial court also correctly dismissed: (1) the associated claim for injunctive relief, and (2) the claim for class certification, as failing to state a basis upon which the requested relief could be granted. *Turner v. Amsouth Mtg. Co.*, 212 Ga. App. 555 (442 SE2d 468) (1994); *Dryvit Systems v. Stein*, 256 Ga. App. 327, 329 (568 SE2d 569) (2002).

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED MARCH 3, 2011.

*Lindsay R. M. Jones*, for appellants.
*Alston & Bird, Bernard Taylor, Sean A. Simmons*, for appellee.