A04A1999, A04A2000. HARRELL et al. v. FULTON COUNTY et al. (two cases).
(612 SE2d 838)

BARNES, Judge.

The appellants in these two cases appeal a superior court judge's final order affirming the zoning decision of the Fulton County Board of Commissioners and dismissing their latest two lawsuits involving this issue. The appellants are property owners in north Fulton County[1] who have filed five sequential lawsuits against Fulton County, its Board of Commissioners, the director of the Fulton County Department of Environment and Community Development ("Fulton County"), Freemanville Partners, LLC, and Advancement for Christian Education, Inc. d/b/a King's Ridge Christian School ("the private developers"), objecting to zoning decisions related to a proposed private school near or contiguous to their property. The last two suits are the subject of these appeals.

A brief time line is necessary to sort out this litigation path. In November 2000, Fulton County approved a special use permit and concurrent variance permit to build a private school on 85 acres in north Fulton. The nearby property owners filed Suit 1 against the private developers and Fulton County, challenging that approval. In September 2001, the trial court remanded the issue to Fulton County for reprocessing, holding that the special use permit improperly approved too many different facilities in one application, including an amphitheater, a stable, a fine arts center, a physical activity center, a chapel, a maintenance building, an athletic field house, and three

---

[1] James M. Harrell, Martha F. Harrell, Lewis Donald Holland, Gordon Waterman Hunter, Brooke Brazier Hunter, Ernest J. Pelletier, Barbara Pappas, Frank David Peters, Amy Garrett Peters, Christian Gordon Weeber, Jr., and Marilyn Gorka Weeber.

academic buildings. All of the defendants appealed the superior court decision, but because the private developers filed a new zoning application while those appeals were pending, this Court dismissed the appeals in Case Nos. A02A1178 through A02A1181.

In May 2002, Fulton County approved the new applications for a drastically reduced private school and for three recreational fields. The property owners filed Suit 2, challenging the adequacy of notice to them, and the trial court granted Fulton County's motion to remand the matter to the county for appropriate corrective action. The developers filed a "conceptual master plan" after remand that included only a single structure and three athletic fields.

In April 2003, the day before the scheduled hearing on the developers' application, the property owners filed Suit 3, basically challenging the validity of the 2002 "Ancillary Use Amendment" to the Fulton County Zoning Resolution ("FCZR") and seeking to bar the county from applying the amendment to authorize future accessory uses for the school. Fulton County delayed the application hearing, and the property owners subsequently dismissed the suit as to the developers, initially leaving the Fulton County defendants, but later dismissing the suit against them also.

On August 5, 2003, the day before the rescheduled public hearing and four days after dismissing Suit 3, the property owners filed Suit 4 against all of the defendants, making essentially the same claims they did in Suit 3. At the hearing on August 6, 2003, one of the property owners stated that a lawsuit was pending "against this case right here," and advised Fulton County that the hearing should be stayed until the suit was over. Upon the advice of the county attorney, the hearing proceeded and the board approved the application subject to certain conditions, including restricting the number of students and limiting the property to maximum building density of 72,500 square feet and three athletic fields.

The property owners then filed Suit 5, reiterating the claims in Suit 4 but adding an additional claim that the August 2003 decision was invalid because Suit 4 was pending when the board made the decision. The trial court consolidated the cases, and after a hearing, dismissed them all.

In a complete, detailed, and well-considered opinion, the trial court first held that Suit 4, filed the day before the zoning hearing, did not bar Fulton County from approving the pending application under the FCZR. FCZR § 22.16.6 provides that filing an appeal stays any county action on property that is the subject of an appeal. The trial court carefully considered the allegations in Suit 4 and concluded, "None of the claims alleged in the Fourth Lawsuit challenge either the zoning status of Defendants' property or any action taken by

[Fulton County] pertaining to Defendants' property." Therefore, it concluded, the county properly proceeded to consider the pending application.

As to the rest of the claims in Suit 5, the trial court found that all but one failed to present an actual controversy suitable for a declaratory judgment, but that instead the property owners sought advisory opinions "for actions they speculate the Defendants may take in the future with respect to FCZR's Ancillary Use Amendment." Thus the trial court dismissed those claims. As to the remaining claim seeking injunctive relief to prevent the county from taking any action in connection with the applications while uncertainty exists regarding the applicability of the Ancillary Use Amendment, the trial court first held that it was untimely. It then held that the developers' stipulations in addition to the restrictions the county imposed when it granted the application rendered the claim moot.

1. The plaintiff-property owners have filed two direct appeals, which are identical in all respects except for the civil action numbers of Suit 4 for one appeal and Suit 5 for the other. The defendants have moved to dismiss the appeal, arguing that plaintiffs should have filed applications for discretionary appeals because they are challenging a zoning decision. If these cases involve superior court review of a local agency decision within the meaning of OCGA § 5-6-35 (a) (1), the appellants are not entitled to a direct appeal.

In considering whether these appeals should have been brought by a petition for discretionary appeal rather than by direct appeal, we consider the underlying subject matter presented to the superior court for decision. A case filed in either appellate court that involves zoning must come by application when "it is an appeal from the decision of a court reviewing a decision of an administrative agency within the meaning of OCGA § 5-6-35 (a) (1)." *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989). In essence, the Supreme Court

> determined in *Trend* and its progeny that a zoning decision made by a local government was the action of a local administrative agency within the meaning of OCGA § 5-6-35 (a) (1), and an appeal from a superior court decision reviewing the local administrative agency's decision must come by way of application pursuant to § 5-6-35 (a) (1).

(Citations omitted.) *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856, 857 (1) (572 SE2d 530) (2002). In that case, the Supreme Court dismissed the county's direct appeal, treated its appellate pleadings as if filed pursuant to an application for discretionary

review, and granted the application to consider whether the trial court erred in its decision to grant mandamus relief to the appellees.

This case, however, does not involve the appeal of a zoning decision. "[T]he relevant zoning decision is the one that established the zoning for the site for the proposed [school], and no one has ever sought review of this zoning decision." (Footnote and emphasis omitted.) *Mid-Ga. Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 672 (1) (594 SE2d 344) (2004). Fulton County made the last zoning decision in this case on August 6, 2003, in between the filing of Suit 4 and Suit 5, and approved the scaled-down plan for the private school. Neither lawsuit challenges that decision; in fact, the county argues that its August 6, 2003 zoning decision was proper despite the fact that plaintiffs filed Suit 4 the day before, because the plaintiffs were not challenging the zoning. Instead, they were challenging the Ancillary Use Amendment to the FCZR and its potential application to this site in the future.

The merits of the August 6, 2003 zoning decision are not before us on appeal, and in fact the record contains absolutely no evidence regarding the propriety of that decision. "Where a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of OCGA § 5-6-35 (a) (1) and no application for appeal need be filed." (Citation omitted.) *King v. City of Bainbridge*, 272 Ga. 427, 428 (1) (531 SE2d 350) (2000). Thus the appeals in these two cases are properly before us on direct appeal, and the motion to dismiss them is denied.

2. The plaintiffs contend on appeal that the trial court's consolidated order in Suits 4 and 5, concluding that the private school permit Fulton County granted in August 2003 was contrary to the trial court's September 2001 order in Suit 1, which was res judicata. That order, which is not included in the record on appeal, involved county approval of a plan that no longer exists. The private developers submitted a much-revised plan, and it is this subsequent plan that the trial court considered in the order being appealed to this Court. Therefore this enumeration lacks merit.

3. The property owners contend the trial court erred in determining that Suit 4 did not stay the proceedings regarding the revised plan. The trial court held, "None of the claims in the Fourth Lawsuit challenge either the zoning status of Defendants' property or any action taken by the [Board of Commissioners] pertaining to Defendants' property." The trial court further held,

> Plaintiffs' position that the pendency of the Fourth Lawsuit was a legal bar to [Fulton County's] consideration of the Current Applications on August 6, 2003, is predicated upon speculation on the part of Plaintiffs that Defendants might

at some point in the future attempt to rely upon the challenged text provision of the FCZR. Plaintiffs' speculation is refuted by Defendants' stipulation that any use of the subject property not shown on the January 28, 2003 conceptual plan submitted to Fulton County . . . would have to be resubmitted to Fulton County or other appropriate governing entity for approval, including a full review by the County, notice to the public, and a public hearing.

We find no error in the trial court's decision.

4. The property owners assert that the trial court erred in ruling that a gymnasium could be built within the 72,500 square foot footprint of the conditionally approved building, arguing that the trial court previously held in Suit 1 that the developers had to obtain a Special Use Permit to build a gymnasium. The only thing that changed between Suit 1 and Suits 4 and 5 was the passage of the Ancillary Use Amendment, they continue, and therefore the trial court's decision to "revisit" the issue violated res judicata principles.

The defendants respond that Suit 1 involved a completely different plan, and that the trial court's ruling in the case now on appeal has no legal or factual issues in common with those in Suit 1. Further, they argue, they stipulated that any use not shown in the conceptual site plan would have to be resubmitted to the county for approval.

The trial court held that "a gymnasium is a common feature of both private and public schools and therefore would be an allowed use so long as it is constructed within the footprint of the structure shown on the January 28, 2003 conceptual site plan." The plaintiffs presented no evidence related to the factual question of whether a gymnasium is a common feature of public and private schools, instead stating on the record in the superior court hearing that they did not oppose building a gym. They further argue that FCZR § 22.2.4 provides that any modification to an approved site plan involving a significant change requires a rezoning action by Fulton County.

Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court. If the rule were otherwise, a party opposing a motion for summary judgment need not raise any legal issue, spend the next year thinking up and researching additional issues for the appellate court to address, and require the opposing party to address those issues within the narrow time frame of appellate practice rules.

(Footnote omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002). For these reasons, we find no merit in this enumeration.

5. The property owners argue that the trial court erred in ruling that their declaratory judgment challenge to the Ancillary Use Amendment's adoption and application in this case did not present a justiciable issue of fact. They contend that the trial court's ruling that a gym would be permitted under the approved plan illustrated that their fear the defendants would add more buildings in the future under the amendment created a justiciable issue. The trial court held that OCGA § 9-4-2 (a) provides for declaratory judgments in cases of "actual controversy," or a "justiciable controversy where there are interested parties asserting adverse claims on an accrued set of facts," citing *Cramer v. Spalding County*, 261 Ga. 570, 572 (2) (409 SE2d 30) (1991). The trial court continued,

> Here, Plaintiffs seek an advisory opinion (and declaratory judgment) from this Court for actions they speculate the Defendants may take in the future with respect to FCZR's Ancillary Use Amendment. The Plaintiffs want this Court to issue an opinion "just in case" these Defendants seek to rely upon that provision to add a chapel, amphitheater, or a football stadium to the subject property, without first seeking approval from the County in accordance with the FCZR. As discussed earlier in this Order, since the conditions imposed by Fulton County's approval of the Current Applications specifically prohibit the addition of such uses to the subject property without first seeking new and additional approvals from the appropriate governing entity, there is indeed no actual case or controversy pending before this Court.

We agree with the trial court's reasoning, and thus find no merit in the plaintiffs' final enumeration of error.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 29, 2005 —
RECONSIDERATION DENIED APRIL 13, 2005.

*George E. Butler II*, for appellants.
*Lauren M. Hansford, Larry W. Ramsey, Jr., Steven E. Rosenberg*, for appellees.