S10A2048. FOXWORTHY, INC. v. FERDINAND.
(704 SE2d 171)

THOMPSON, Justice.

Appellant Foxworthy, Inc. filed a money rule petition, seeking reimbursement of funds collected by appellee Arthur E. Ferdinand, the Tax Commissioner of Fulton County, Georgia. The petition

---

[4] The evidence also showed that in the midst of the argument Rhine picked up a bar stool to hit the victim.

alleged that on September 2, 2003, the tax commissioner's office conducted a tax sale at which certain real property was to be sold pursuant to a levy for unpaid taxes. The named defendant in tax fi. fa. was shown as "Isiah Mitchell." Foxworthy was the highest bidder and purchased the property for $65,000. In accordance therewith, the tax commissioner issued a tax sale deed to Foxworthy, which was duly recorded. The petition further alleged that Mitchell did not in fact own the tax parcel, and that the true owner was Arthur Randall McDowell who had filed a Chapter 13 petition and was under the protection of the United States Bankruptcy Court at the time of the tax sale. Foxworthy appended to its complaint a January 2008 order and judgment of the bankruptcy court in the McDowell proceeding finding McDowell had not been notified of the tax sale because of an error in the county tax records;[1] McDowell did not owe any property taxes; the tax sale was void ab initio as a violation of the automatic bankruptcy stay; and Foxworthy acquired no interest in the property at that sale.

Upon learning of the bankruptcy court's order, Foxworthy made a demand for repayment from the tax commissioner. When its demands were not satisfied, Foxworthy filed this action pursuant to OCGA § 15-13-3 (a) (authorizing return of money collected by a levying officer), seeking a refund of all funds paid "at or after the tax sale." The complaint also contained a claim for statutory interest of 20 percent per annum pursuant to OCGA § 15-13-3 (a), a refund for property taxes Foxworthy paid from 2003 until 2006 when it learned that the sale was void, an alternative count for mandamus, and attorney fees based on the allegation that the defense lacked substantial justification.

In the proceeding below, the trial court found that the bankruptcy court's order was defective in describing the referenced property, and it interpreted the order to state the correct identifying information. The court ruled in favor of Foxworthy's petition, insofar as it awarded return of the $65,000 purchase price. But citing the need for interpretation, the trial court found "good cause" for the tax commissioner's refusal to return the purchase price and it denied Foxworthy's request for attorney fees, as well as the claim for mandamus. The court made no specific ruling on Foxworthy's claim for statutory interest.

1. Foxworthy submits that the trial court erred in failing to

---

[1] As was noted in the bankruptcy court order, the subject property was improperly included in the tax sale apparently "due to an error in a corrective warranty deed and the failure of the Tax Commissioner to distinguish [McDowell's] interest in the [subject property] from other property included in the sale with respect to which real estate taxes had not been paid."

award statutory interest under OCGA § 15-13-3 (a) (if demand not paid due to neglect or refusal of the officer, "the officer shall be compelled to pay interest at the rate of 20 percent per annum upon the sum he has in his hands from the date of the demand, unless good cause is shown to the contrary"). The trial court found as good cause for the tax commissioner's refusal to pay Foxworthy's claim, the fact that the bankruptcy court order was not clear on its face and required interpretation. Although the trial court did not specifically rule on Foxworthy's claim for statutory interest, the court's finding of good cause for the tax commissioner to resist paying the demand, must also be construed as good cause for the non-payment of statutory interest.

Our review of the bankruptcy order confirms that the street address and identifying parcel number were incorrectly stated by that court. Thus, on this record we affirm the trial court's finding that the tax commissioner had good cause for refusing and delaying Foxworthy's demand for payment. It follows that statutory interest was not authorized under OCGA § 15-13-3 (a). See generally *Scott v. Vesta Holdings I*, 275 Ga. App. 196, 201 (3) (620 SE2d 447) (2005).

2. For similar reasons, the trial court did not err in ruling that the need for interpretation of the bankruptcy order eliminated a finding that the defense lacked substantial justification. Thus, we find no error in the refusal of the court to grant Foxworthy's claim for attorney fees.

3. Nor did the trial court err in refusing to grant mandamus relief. "As a general rule, a writ of mandamus is not available when there is an adequate remedy at law available to the petitioner seeking mandamus." *DeKalb County v. Cooper Homes*, 283 Ga. 111, 113 (1) (657 SE2d 206) (2008). Because Foxworthy's money rule petition provided him an adequate remedy at law, mandamus was not authorized.

4. While the trial court granted Foxworthy's petition insofar as it seeks reimbursement for the $65,000 it paid for the property at the tax sale, the order is silent as to Foxworthy's claim for reimbursement for taxes it was required to pay on the property subsequent to the tax sale (from the time of the sale in 2003 until 2006 when the bankruptcy court declared the sale void). Thus, we remand the case for further proceedings to determine whether Foxworthy is entitled to reimbursement of those additional expenditures. See generally *Scott*, supra at 201 (3).

*Judgment affirmed in part and case remanded in part with direction. All the Justices concur.*

DECIDED NOVEMBER 22, 2010.

*Amelia T. Phillips*, for appellant.
*William S. Sams, Matthew C. Welch, Kaye W. Burwell, Robert D. Ware*, for appellee.