S11G1201. GEORGIA DEPARTMENT OF COMMUNITY
HEALTH et al. v. GEORGIA SOCIETY OF AMBULATORY
SURGERY CENTERS.
(724 SE2d 386)

CARLEY, Presiding Justice.

Under OCGA § 31-6-70 (a), an annual report of certain health care information must be submitted to the Georgia Department of Community Health (DCH) by "each health care facility in this state requiring a certificate of need and all ambulatory surgical centers [ASCs] and imaging centers, whether or not exempt from obtaining a certificate of need . . . ." In March 2010, the Georgia Society of Ambulatory Surgery Centers (GSASC) filed a complaint against DCH and its Commissioner (Appellants) for declaratory judgment and injunctive relief. In that complaint, GSASC requested a declaration that a 2009 annual survey issued by DCH to single-specialty, physician-owned ASCs sought information beyond the scope of OCGA § 31-6-70. GSASC further requested interlocutory and permanent injunctive relief preventing DCH from requiring GSASC's members to respond to certain disputed requests in the 2009 survey. After a hearing, the trial court denied GSASC's request for an interlocutory injunction based upon its determination that Appellants "are authorized to request the information at issue under applicable law." However, the trial court did grant an injunction pending appeal pursuant to OCGA § 9-11-62 (c), and Appellants filed a timely notice of appeal.

In a 4-3 decision, the Court of Appeals reversed, concluding that DCH did not have statutory authority to include the disputed requests in the 2009 survey. *Georgia Society of Ambulatory Surgery Centers v. Ga. Dept. of Community Health,* 309 Ga. App. 31, 33-37 (1) (710 SE2d 183) (2011). The Court of Appeals also rejected an alternative basis for affirmance when it determined that GSASC and its members were not required to exhaust administrative remedies, because resorting to such remedies would be futile and because GSASC was challenging DCH's authority and power to act. *Georgia Society of Ambulatory Surgery Centers v. Ga. Dept. of Community Health,* supra at 37-40 (2). In a dissent, Judge Blackwell, joined by two other Judges, argued that GSASC was challenging the way in which DCH exercised its authority rather than the scope of its authority and that GSASC failed to show that its members' administrative remedies are inadequate or that their exhaustion would be futile. *Georgia Society of Ambulatory Surgery Centers v. Ga. Dept. of Community Health,* supra at 40-43. We granted certiorari to consider the applicability of the two exceptions to the exhaustion requirement on which the Court of Appeals' majority relied.

The Georgia Administrative Procedure Act (APA) is applicable

to this case. OCGA §§ 31-6-40 (c) (2), 31-6-47 (a) (18). Under the APA, a person cannot seek judicial review of an agency action unless he "has exhausted all administrative remedies available within the agency . . . ." OCGA § 50-13-19 (a). "Long-standing Georgia law requires that a party aggrieved by a state agency's decision must raise all issues before that agency and exhaust available administrative remedies before seeking any judicial review of the agency's decision. [Cits.]" *Cerulean Cos. v. Tiller*, 271 Ga. 65, 66 (1) (516 SE2d 522) (1999). "This Court has consistently held that ' "(a)s long as there is an effective and available administrative remedy, a party is required to pursue that remedy before seeking equitable relief in superior court." (Cit.)' [Cits.]" *Fulton County Taxpayers Foundation v. Ga. Public Service Comm.*, 287 Ga. 876, 878 (2) (700 SE2d 554) (2010).

> The rationale for requiring exhaustion of administrative remedies is that resort to the administrative process will permit the agency to apply its expertise, protect the agency's autonomy, allow a more efficient resolution, and result in the uniform application of matters within the agency's jurisdiction. [Cits.]

*Cerulean Cos. v. Tiller*, supra at 67 (1). "[O]nly in rare instances will the requirement of exhaustion be relaxed." *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226) (1986).

1. The Court of Appeals correctly recognized that "exhaustion of administrative remedies is not required where resorting to the remedy would be futile. [Cits.]" *Georgia Society of Ambulatory Surgery Centers v. Ga. Dept. of Community Health*, supra at 37 (2) (citing *Hall v. Nelson*, 282 Ga. 441, 443 (3) (651 SE2d 72) (2007) and *Powell v. City of Snellville*, 266 Ga. 315, 316 (467 SE2d 540) (1996)). However, in finding that exhausting administrative remedies would be a futile and useless act, the Court of Appeals relied wholly on the fact that the Commissioner, who would make the final agency decision with no deference to the initial decision of an administrative law judge, joined DCH in repeatedly making clear their position that DCH had the statutory authority to request the disputed information. The Court of Appeals determined that the positions asserted by DCH in this litigation were also asserted by the Commissioner when she joined both DCH's brief in opposition to the request for interlocutory injunction and its brief filed on direct appeal. *Georgia Society of Ambulatory Surgery Centers v. Ga. Dept. of Community Health*, supra at 38-39 (2) (a).

However, the statements of an administrative decision-maker outside of and prior to the normal administrative process do not

ordinarily demonstrate futility. *Balf Co. v. Planning and Zoning Comm. of the Town of Manchester*, 830 A2d 836, 842 (I) (B) (Conn. App. 2003). See also *Little v. City of Lawrenceville*, 272 Ga. 340, 342 (3) (528 SE2d 515) (2000) ("Exhaustion of administrative remedies is futile only where further administrative review 'would result in a decision on the same issue by the same body. . . .' [Cit.]" (Emphasis omitted.)) Compare *Glynn County Bd. of Education v. Lane*, 261 Ga. 544, 545-546 (1) (407 SE2d 754) (1991) (board was a legislative, executive, and judicial body which had a clear predisposition by virtue of a firm decade-long resistance to the requested relief). In particular, actions taken to defend a lawsuit cannot establish futility because utilization of such after-the-fact evidence would entirely undermine the exhaustion requirement, allowing plaintiffs to bypass administrative remedies, file suit, and then hope for subsequent events to justify futility claims. *Davenport v. Harry N. Abrams, Inc.*, 249 F3d 130, 134 (1) (2d Cir. 2001); *Communications Workers of America v. AT&T*, 40 F3d 426, 433, fn. 1 (II) (A) (D.C. Cir. 1994). As Judge Blackwell noted in his dissent,

> [e]xhaustion, like other jurisdictional issues, must be assessed as of the time a lawsuit is filed. Consequently, developments occurring after the initiation of litigation cannot breathe life into a lawsuit of which the courts had no jurisdiction when it was filed. [Cits.]

*Georgia Society of Ambulatory Surgery Centers v. Ga. Dept. of Community Health*, supra at 43, fn. 9. Therefore, the Commissioner's "position in this lawsuit does not establish futility. [Cits.]" *Davenport v. Harry N. Abrams*, supra.

2. "This Court has recognized that the exhaustion doctrine 'does not apply where the defect urged by the complaining party goes to the jurisdiction or power of the (involved) agency. . . . (Cits.)' [Cits.]" *City of Atlanta v. Hotels.com*, 285 Ga. 231, 233 (674 SE2d 898) (2009). "This exception to the exhaustion of administrative remedies doctrine is a variation of the rule that where the administrative agency lacks jurisdiction, a trial court may intercede before administrative remedies are exhausted. [Cit.]" *Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Assoc.*, 267 SW3d 413, 419 (II) (Tex. App. 2008). The exception does not apply unless the plaintiff attacks the agency's assertion of jurisdiction on its face or in its entirety on the ground that it is not authorized by statute. *County of Knox v. The Highlands, LLC*, 705 NE2d 128, 131 (Ill. App. 1998); *Inland Steel Mortgage Acceptance Corp. v. Carlson*, 507 NE2d 213, 217 (Ill. App. 1987). See also *Cravey v. Southeastern Underwriters Assn.*, 214 Ga. 450, 457 (3) (105 SE2d 497) (1958) (exception

applicable because "complaint here is that the suspension of the rate order is void, and not that the order is deficient from mere errors in passing on the merits").

> [T]he mere claim that an administrative agency acted ultra vires does not authorize litigation before administrative remedies are exhausted, nor does failure to perfectly comply with all of the intricacies of the administrative process necessarily constitute extra-jurisdictional action by an agency. [Cits.] . . . [F]or this exception to apply, the [plaintiff is] required to allege that the agency had acted wholly outside its jurisdiction, not merely that it had failed to meet certain statutory procedural requirements. [Cit.] . . . [GSASC does] not allege that [DCH is] acting wholly outside [its jurisdiction under OCGA § 31-6-70 to conduct surveys]. Instead, [GSASC] claim[s] that the manner in which the [2009 survey is] being conducted does not fully comply with the procedural requirements of [that statute]. Accordingly, we conclude the "acting outside statutory authority" exception does not apply in this case. [Cits.]

*Appraisal Review Bd. of Harris County Appraisal Dist. v. O'Connor & Assoc.*, supra.

Because neither exception upon which the Court of Appeals relied to dispense with the exhaustion requirement is applicable, we reverse its judgment and remand the case to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 27, 2012.

*Samuel S. Olens, Attorney General, Isaac Byrd, Deputy Attorney General, Daniel S. Walsh, Alex F. Sponseller, Assistant Attorneys General*, for appellants.

*McGuire Woods, Victor L. Moldovan, Shayna A. Bowen*, for appellee.