S12A0700, S12X0701. WE, THE TAXPAYERS et al. v. BOARD OF TAX ASSESSORS OF EFFINGHAM COUNTY; and vice versa.

(734 SE2d 373)

HINES, Justice.

In case number S12A0700, We, the Taxpayers, an unincorporated association of individual taxpayer residents of Effingham County ("Taxpayers"), appeals the trial court's order dismissing Taxpayers's complaint against the Board of Tax Assessors of Effingham County ("Board"). In case number S12X0701, the Board appeals the superior court's denial of its motion for summary judgment. For the reasons that follow, we affirm the trial court in case number S12A0700, and vacate the judgment below in case number S12X0701.

Former OCGA § 48-5B-1 became law on May 5, 2009, and was effective until January 10, 2011. See Ga. L. 2009, p. 780, § 1. It placed a moratorium on increases in the assessed value of property subject to ad valorem taxation for taxable years beginning on or after January 1, 2009, and continuing through January 9, 2011, but provided an exception from the moratorium for

> any county which performed or had performed on its behalf a comprehensive county-wide revaluation of all properties in the county in 2008 or any county which in 2009 was under contract prior to February 28, 2009, to have performed on its behalf a comprehensive county-wide revaluation of all properties in the county.

Former OCGA § 48-5B-1 (c).

The Board, believing that Effingham County met the exception set forth in former OCGA § 48-5B-1 (c), did not impose a moratorium on increases in assessed values in the 2009 tax year, but in fact, increased assessed values of certain property. Taxpayers, believing that the exception did not apply and that the moratorium should have been imposed, filed a complaint under OCGA § 48-5-296 seeking the removal of Board members. Taxpayers amended the complaint to include the equitable relief of eliminating the 2009 assessed values and imposing instead the 2008 tax year figures; by later amendment, Taxpayers dropped the request to remove Board members, and added a request for a writ of mandamus to compel the Board to act in

accordance with Taxpayers's interpretation of OCGA § 48-5B-1.[1] Taxpayers moved for summary judgment, contending that the undisputed evidence showed that the exception to the moratorium did not apply; the Board also moved for summary judgment, asserting that OCGA § 48-5B-1 was unconstitutional, and, alternatively, that the undisputed facts showed that the statutory exception applied. The trial court denied both motions. The Board then filed the instant motion to dismiss, asserting that the Taxpayers property owners were obligated to appeal their 2009 ad valorem assessments to the county Board of Equalization, or otherwise in the manner set forth in OCGA § 48-5-311, and that the failure to do so precluded the trial court's addressing the equitable and mandamus claims.

## Case No. S12A0700

1. OCGA § 48-5-311 sets forth a system of county boards of equalization to hear appeals from property tax assessments and denials of homestead exemptions, adverse decisions from which can then be appealed to the superior courts.[2] "This Court has consistently

---

[1] Although Taxpayers stated in its pleadings that it was pursuing a declaratory judgment in addition to a writ of mandamus and equitable relief, examination of the pleading reveals that Taxpayers sought orders directing the Board to take action and precluding it from taking other action, and not a declaratory judgment. See *Magistrate Court v. Fleming*, 284 Ga. 457, 458 (667 SE2d 356) (2008); *Kirkland v. Morris*, 233 Ga. 597, 598 (212 SE2d 781) (1975).

[2] In pertinent part, OCGA § 48-5-311 reads:

. . .

(d) *Duties and powers.*

(1) The county board of equalization shall hear and determine appeals from assessments and denials of homestead exemptions as provided in subsection (e) of this Code section.

. . .

(e) *Appeal.*

(1) (A) Any taxpayer or property owner as of the last date for filing an appeal may elect to file an appeal from an assessment by the county board of tax assessors to either:

(i) The county board of equalization as to matters of taxability, uniformity of assessment, and value, and, for residents, as to denials of homestead exemptions pursuant to paragraph (2) of this subsection;

(ii) An arbitrator as to matters of value pursuant to subsection (f) of this Code section; or

(iii) A hearing officer as to matters of value and uniformity for a parcel of nonhomestead real property with a fair market value in excess of $1 million pursuant to subsection (e.1) of this Code section.

The commissioner shall establish by rule and regulation a uniform appeal form that the taxpayer may use.

. . .

(g) *Appeals to the superior court.*

(1) The taxpayer or the county board of tax assessors may appeal decisions of the county board of equalization or hearing officer, as applicable, to the superior court of the county in which the property lies. By mutual written agreement, the

held that as long as there is an effective and available administrative remedy, a party is required to pursue that remedy before seeking equitable relief in superior court." *Fulton County Taxpayers Foundation v. Ga. Public Svc. Comm.*, 287 Ga. 876, 878-879 (2) (700 SE2d 554) (2010) (Citation and punctuation omitted.) OCGA § 48-5-311 provides just such a remedy for a challenge to a "property tax assessment based on the issues of taxability, uniformity, and value." *Glynn County Bd. of Tax Assessors v. Haller*, 273 Ga. 649, 650 (3) (543 SE2d 699) (2001). Further, the proceeding before the board of equalization is "the appropriate forum for deciding the taxpayer's constitutional and procedural issues as well as questions of uniformity, valuation and taxability." *Wilkes v. Redding*, 242 Ga. 78, 79 (247 SE2d 872) (1978). Accordingly, the failure to pursue the administrative remedy afforded by OCGA § 48-5-311 regarding any such issues precludes a suit in superior court for equitable relief. *Glynn County*, supra. Similarly, failure to pursue the administrative remedy precludes the issuance of a writ of mandamus. *Foxworthy, Inc. v. Ferdinand*, 288 Ga. 271, 273 (3) (704 SE2d 171) (2010). This is in keeping with the general principle that "as a matter of policy and judicial economy ad valorem tax disputes should be resolved first at the local level through the appeal procedures created specifically for that purpose." *City of Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531, 536 (3) (422 SE2d 651) (1992).

Nonetheless, Taxpayers asserts that OCGA § 48-5-311 has no application, contending that determining whether OCGA § 48-5B-1 applies does not constitute a challenge to the assessments on the issues of taxability, uniformity, and value, and does not present a constitutional or procedural issue. Although Taxpayers asserts that it is challenging the authority of the Board to operate in a manner that it contends is contrary to that set forth in OCGA § 48-5B-1, compliance with statutory requirements is within the ambit of administrative review provided in OCGA § 48-5-311. See, e.g., *Hooten v. Thomas*, 297 Ga. App. 487, 490-492 (677 SE2d 670) (2009). And, the

---

taxpayer and the county board of tax assessors may waive an appeal to the county board of equalization and initiate an appeal under this subsection. A county board of tax assessors shall not appeal a decision of the county board of equalization or hearing officer, as applicable, changing an assessment by 20 percent or less unless the board of tax assessors gives the county governing authority a written notice of its intention to appeal, and, within ten days of receipt of the notice, the county governing authority by majority vote does not prohibit the appeal. In the case of a joint city-county board of tax assessors, such notice shall be given to the city and county governing authorities, either of which may prohibit the appeal by majority vote within the allowed period of time.

. . .

question of whether the exception to the moratorium set forth in OCGA § 48-5B-1 applies unquestionably impacts the assessed values of the property at issue. See *National Health Network v. Fulton County*, 270 Ga. 724, 725 (1) (514 SE2d 422) (1999). Indeed, the impact on value is seen by the specific relief Taxpayers requested in its complaint — the rollback of the 2009 assessed values to the 2008 assessed values. Accordingly, the applicability of OCGA § 48-5B-1 could, and should, have been raised in an appeal under OCGA § 48-5-311. Consequently, Taxpayers, and its constituent property owners, were obligated to pursue that remedy.[3]

Taxpayers also claims that the trial court erred in dismissing its complaint because it had standing to challenge an ultra vires act of the Board. See *Rothschild v. Columbus Consolidated Govt.*, 285 Ga. 477 (678 SE2d 76) (2009). As noted above, a litigant must exhaust administrative remedies before seeking mandamus or injunctive relief. But, "[t]his Court has recognized that the exhaustion doctrine does not apply where the defect urged by the complaining party goes to the jurisdiction or power of the involved agency." *Ga. Dept. of Community Health v. Ga. Society of Ambulatory Surgery Centers*, 290 Ga. 628, 630 (2) (724 SE2d 386) (2012) (Citations and punctuation omitted.) However, under this "jurisdiction" exception to the exhaustion doctrine

> the mere claim that an administrative agency acted ultra vires does not authorize litigation before administrative remedies are exhausted . . . . [T]he plaintiff is required to allege that the agency had acted wholly outside its jurisdiction, not merely that it had failed to meet certain statutory procedural requirements.

Id. at 630 (Citations and punctuation omitted.) This case does not present a threshold issue of the Board's jurisdiction; there is no question that the properties for which the Board has issued tax assessments are subject to the Board's authority to do so. Compare *City of Atlanta v. Hotels.com, L.P.*, 285 Ga. 231, 233-234 (1) (674 SE2d 898) (2009). Rather, the question is whether the Board has properly exercised its authority to do so with respect to the challenged properties. Accordingly, Taxpayers's claim that the Board acted ultra

---

[3] Although Taxpayers also cite *Fulton County Bd. of Tax Assessors v. Jones*, 264 Ga. 828, 828-829 (2) (452 SE2d 99) (1995), as authority for a right to pursue a writ of mandamus without proceeding under OCGA § 48-5-311, this is not a situation in which the Board has refused to perform the duties required of it by OCGA § 48-5-311, for which a writ of mandamus is an appropriate remedy. Id.

vires does not relieve it of the obligation to exhaust the administrative remedy provided by OCGA § 48-5-311 before seeking relief in the superior court. Thus, the trial court correctly dismissed the action. *Ga. Dept. of Community Health*, supra.

### Case No. S12X0701

2. Taxpayers's failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction over the complaint. See *Hooten*, supra at 489-490.[4] Accordingly, the trial court's order denying summary judgment to the Board, which is the subject of the cross-appeal, must be vacated. See *Davis v. Harpagon Co., LLC*, 281 Ga. 250, 253 (8) (637 SE2d 1) (2006).

*Judgment affirmed in Case No. S12A0700. Judgment vacated in Case No. S12X0701. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Callaway, Braun, Riddle & Hughes, Dana F. Braun*, for appellant.

*Oliver Maner, Benjamin M. Perkins, Patrick T. O'Connor*, for appellee.

---

[4] We note that no exception to the exhaustion doctrine applies in this case. See *Ga. Dept. of Community Health*, supra.