**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 23, 2022**

# In the Court of Appeals of Georgia

A22A1311. SIGMON v. DEKALB COUNTY SCHOOL DISTRICT.

MCFADDEN, Presiding Judge.

Sandra Sigmon, a former teacher with the DeKalb County School District ("DeKalb"), filed a complaint in superior court against DeKalb, claiming breach of contract and violation of due process. DeKalb moved to dismiss the respective claims under OCGA § 9-11-12 (b) (1) and (6), arguing that the trial court lacked subject matter jurisdiction over the breach of contract claim because Sigmon had failed to exhaust administrative remedies and that the due process claim failed to state a claim upon which relief could be granted. After a hearing, the trial court granted DeKalb's motion to dismiss both claims.

Sigmon filed an application for discretionary appeal, which was granted, and this appeal followed. We reverse the dismissal of the breach of contract claim because

Sigmon, as a non-tenured former teacher, was not required to exhaust administrative remedies before filing that claim in superior court. But we affirm the dismissal of Sigmon's due process claim because it fails to state a claim upon which relief could be granted.

1. *Breach of contract claim.*

OCGA § 9-11-12 (b) (1) authorizes a defense motion to dismiss a claim for lack of subject matter jurisdiction. "Subject matter jurisdiction refers to the authority of a court to hear a specific claim, and when a court lacks subject matter jurisdiction to decide a question, it has no power to enter a judgment on the merits." *Spann v. Davis*, 312 Ga. 843, 850 (2) n. 9 (866 SE2d 371) (2021) (citation and punctuation omitted). Our courts have recognized that a plaintiff's "failure to exhaust administrative remedies deprive[s] the trial court of subject matter jurisdiction over the complaint." *We, the Taxpayers v. Bd. of Tax Assessors of Effingham County*, 292 Ga. 31, 35 (2) (734 SE2d 373) (2012). So if Sigmon "failed to exhaust [her] administrative remedies, then [her] suit in superior court is procedurally barred [for lack of subject matter jurisdiction]." *Miller County Bd. of Ed. v. McIntosh*, 326 Ga. App. 408, 411 (1) n. 5 (756 SE2d 641) (2014) (citation and punctuation omitted). "On appeal, we review de novo [the] trial court's grant of [DeKalb's] motion to dismiss

2

due to lack of subject matter jurisdiction. We also construe the pleadings in the light most favorable to [Sigmon as] the nonmoving party with any doubts resolved in [her] favor." *Douglas County v. Hamilton State Bank*, 340 Ga. App. 801, 801-802 (798 SE2d 509) (2017) (citations and punctuation omitted).

So viewed, the pleadings show that Sigmon was employed by DeKalb as a classroom teacher from 1999 until 2016. After the 2016 school year, Sigmon resigned from her position as a DeKalb teacher. In 2018, Sigmon applied for re-employment with DeKalb and learned that her application might be "red-flagged" because she had received an unsatisfactory evaluation for the 2014-2015 school year. Sigmon contacted various DeKalb officials, seeking revisions to the evaluation because of alleged deficiencies and misrepresentations. After DeKalb refused Sigmon's requests to revise the evaluation, she filed her breach of contract claim based on the alleged deficiencies and inaccuracies.

In granting DeKalb's motion to dismiss Sigmon's breach of contract claim for lack of subject matter jurisdiction, the trial court found that Sigmon had failed to exhaust administrative remedies under OCGA § 20-2-1160. That code section "grants local school boards the power to hear and determine any matter of local controversy in reference to the construction or administration of the school law, which would

3

include hearing challenges to a decision not to renew the contract of a *tenured* teacher." *Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 643 (1) (583 SE2d 500) (2003) (punctuation omitted, emphasis supplied). See also *Hall v. Nelson*, 282 Ga. 441, 443 (3) (651 SE2d 72) (2007) (OCGA § 20-2-1160 "includes disputes concerning employment contracts, reassignment, or demotion of a *tenured* teacher") (emphasis supplied). But "the decision to rehire or release a *non-tenured* employee lies more in the realm of school policy than in the area of school law." *Dalton City Bd. of Ed. v. Smith*, 256 Ga. 394, 395 (1) (349 SE2d 458) (1986) (punctuation omitted, emphasis supplied). And such a school policy decision concerning a non-tenured employee does not "establish[] any right to a school board hearing under OCGA § 20-2-1160[.]" Id. (footnote omitted).

In the instant case, Sigmon was a former tenured teacher, but she gave up that tenured status when she resigned after the 2016 school year. See *Day v. Floyd County Bd. of Ed.*, 333 Ga. App. 144, 148 (1) n. 4 (775 SE2d 622) (2015) ("A tenured teacher is one who accepts a school year contract for the fourth consecutive school year from the same local board of education. OCGA § 20-2-942 (b) (1).") (citation and punctuation omitted). "The effect of [such a] resignation upon a tenured teacher is immediate loss of tenure rights." *Oates v. Coffee County Bd. of Ed.*, 198 Ga. App. 77,

4

79 (400 SE2d 355) (1990). So "[e]ven if [Sigmon] had requested a hearing pursuant to OCGA § 20-2-1160, [she] would not have been entitled to one because [she] was not a tenured teacher." *Dorsey v. Atlanta Bd. of Ed.*, 255 Ga. App. 104, 106 (1) n. 2 (564 SE2d 509) (2002) (rejecting school board's argument that non-tenured teacher failed to exhaust administrative remedies). As a non-tenured teacher who did not have "the right to a hearing under OCGA § 20-2-1160 . . . , [Sigmon] therefore [did not] need [to] exhaust these administrative remedies before bringing suit in superior court." *Atlanta Public Schools*, supra at 643 (1). Indeed, "exhaustion of administrative remedies is not required where resorting to the remed[ies] would be futile." *Ga. Dept. of Community Health v. Ga. Society of Ambulatory Surgery Centers*, 290 Ga. 628, 629 (1) (724 SE2d 386) (2012) (citations and punctuation omitted). The trial court therefore erred in granting DeKalb's motion to dismiss Sigmon's breach of contract claim for failure to exhaust administrative remedies under OCGA § 20-2-1160.

2. *Due process claim.*

OCGA § 9-11-12 (b) (6) authorizes a defense motion to dismiss a claim for "[f]ailure to state a claim upon which relief can be granted[.]" Such a motion

should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. The appellate court reviews de novo the trial court's ruling on the defendant['s] motion to dismiss, accepting as true all well-pled material allegations in the complaint and resolving any doubts in favor of the plaintiff.

*Williams v. DeKalb County*, 308 Ga. 265, 270 (2) (840 SE2d 423) (2020) (citations and punctuation omitted).

So viewed, Sigmon's due process claim alleged that she has a property interest in her teaching license, that DeKalb's annual performance evaluations have significant implications for teachers' employment, that there were procedural deficiencies in her 2014-2015 evaluation, that her request to correct allegedly inaccurate information in the evaluation was denied, and that her due process rights were thus violated.

In its dismissal order, the trial court found that the complaint failed to state a claim that Sigmon had been deprived of her teaching license without due process. With regard to such a claim,

both the Georgia and Federal Constitutions prohibit the state from depriving any person of life, liberty, or property, without due process of law. Once the [s]tate issues a professional license, such as the teaching

6

license at issue in this case, its continued possession may become essential to the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important property interests of the licensees. In such cases, the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.

*Brewer v. Schacht*, 235 Ga. App. 313, 316 (2) (509 SE2d 378) (1998) (citations and punctuation omitted). Accord *Ga. Professional Standards Comm. v. James*, 327 Ga. App. 810, 813 (761 SE2d 366) (2014) ("teaching certificate . . . may not be revoked without procedural due process").

As the trial court found, Sigmon "acknowledges that she still holds her teaching license, as it has not been revoked or suspended[,]" and she otherwise "has not alleged that she was deprived of that interest or that [DeKalb] caused such a deprivation." Because the complaint does not allege that DeKalb finally adjudicated Sigmon's property interest in her teaching license or deprived her of such an interest, the trial court correctly concluded that Sigmon had failed to state this particular type of due process claim upon which relief could be granted. See *Andrade v. Grady Mem. Hosp. Corp.*, 308 Ga. App. 171, 172 (1) (707 SE2d 118) (2011) (affirming dismissal of complaint that failed to state a claim for violation of due process).

7

On appeal, however, Sigmon does not contend that her complaint alleged such a due process claim for deprivation of her teaching license. Rather, she claims that her efforts to use her valid teaching license to return to employment have been adversely affected. But even accepting as true that the allegations in the complaint assert such a due process claim, it is not a claim upon which relief could be granted because Sigmon's interest in being rehired by DeKalb as a teacher is not a protected property interest entitled to due process. See *West v. Dooly County School Dist.*, 316 Ga. App. 330 (1) (729 SE2d 469) (2012) (school district employee's "due process claims fail unless he has a protected property interest in his employment").

"A party is not entitled to procedural due process where the interest which would be impaired by governmental action does not involve that party's protectible interest in life, liberty, or property." *West*, supra at 331 (1) (citation and punctuation omitted). "To have a property interest protected by procedural due process, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Kanitra v. City of Greensboro*, 296 Ga. 674, 677 (3) (769 SE2d 911) (2015) (citation and punctuation omitted). Here, Sigmon has not alleged or shown a legitimate claim of entitlement to being rehired as a teacher. While Sigmon, as a

8

former DeKalb teacher, "surely had an abstract concern in being rehired, [she] did not have a *property* interest [in such re-employment]." *West*, supra at 334 (1) (b) (citation and punctuation omitted, emphasis in original). See also *Thomas v. Lee*, 286 Ga. 860, 861 (691 SE2d 845) (2010) ("public employee generally has no protected property interest unless he or she is employed under a civil service system, which allows termination only for cause") (citation and punctuation omitted). Because Sigmon did not have a protected property interest in being rehired, the trial court did not err in granting DeKalb's motion to dismiss her due process claim. See *City of St. Marys v. Brinko*, 324 Ga. App. 417, 421 (1) (750 SE2d 726) (2013) (summary judgment appropriate where plaintiff did not have a protected property interest in employment that was subject to procedural due process).

*Judgment affirmed in part and reversed in part. Gobeil and Land, JJ., concur.*