**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 19, 2025**

# In the Court of Appeals of Georgia

A25A1516. BOULEVARD BAR AND GRILL, LLC v. CITY OF
     SOUTH FULTON et al.

MERCIER, Judge.

Boulevard Bar and Grill, LLC ("Boulevard") sued the City of South Fulton and City employee LaShayne Taylor in her official capacity (collectively, "the defendants") for damages Boulevard allegedly sustained when the City forced it to close. The defendants moved for summary judgment, arguing, among other things, that Boulevard had failed to exhaust its administrative remedies. The trial court granted the motion, and Boulevard now appeals. For reasons that follow, we vacate the trial court's ruling in part, reverse in part, and remand the case for further proceedings.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the nonmovant. See *Dunn v. City of Stonecrest*, 368 Ga. App. 736, 737 (890 SE2d 781) (2023).

Viewed in this manner, the record shows that in May 2021, Boulevard entered into a lease agreement for restaurant space on Fulton Industrial Boulevard, where it began hosting private events. Ultimately, however, Boulevard sought to operate as a full-service restaurant, and it applied to the City for an occupation tax certificate to do so on May 9, 2022.[1] The City granted Boulevard a certificate on May 19, 2022, and the restaurant commenced operations on May 21, 2022.

Boulevard remained open until November 17, 2022, when local police officers ordered it to cease operations, and Boulevard received a letter from the City, stating:

---

[1] As defined by Section 2-5001 of the City of South Fulton Code of Ordinances, an occupation tax certificate is "a document issued by the [C]ity after the registration of a business and the full payment of any required occupation tax." Throughout the record, the occupation tax certificate is also referred to as a business license. For ease of discussion, we will use the term "occupation tax certificate" or "certificate."

[Y]our City of South Fulton occupation tax certificate . . . for your business . . . is hereby suspended, effective immediately. . . . You may not operate your business within the [C]ity without a valid occupation tax certificate. . . . Your [certificate] has been suspended upon the following ground[]: The business or establishment is not authorized to operate within the [C]ity, or within the zoning district within which it is located, or is otherwise not in conformity with locational requirements of any of the [C]ity's ordinances.

Gianina Martin, Boulevard's owner, immediately contacted City officials about the suspension letter, challenging the City's action as unlawful and unfair. Boulevard was located on property zoned M-2 at the time, a zoning classification that would not typically permit restaurant operations. But restaurants had previously operated in the space, and Martin believed that Boulevard had been "grandfathered in" and approved, despite the M-2 classification. Martin raised this issue at a meeting with City officials in late November 2022.

On December 15, 2022, the City wrote Boulevard a second time, providing a summary of its decision to deny Boulevard an occupation tax certificate. The letter referenced Section 105.03 of the City's ordinance code, which provides:

Nonconforming use of land. When a use of land is nonconforming pursuant to the provisions of this [Zoning] Ordinance, such use may

3

continue as long as it remains otherwise lawful and complies with the following provisions:

(a) No nonconforming use shall be enlarged, increased or extended, either on the same or adjoining property;

(b) No nonconforming use shall be moved, in whole or in part, to any other portion of the lot not occupied by such use at the time the use became nonconforming or to an adjoining property;

(c) If any nonconforming use of land ceases for a period of more than six months, any subsequent use of such land shall comply with this Ordinance; and

(d) No nonconforming use shall be changed to another nonconforming use.

Highlighting the six-month requirement in subsection (c), the City concluded:

With [Boulevard's] request of a new business license in 2022, the timeline between businesses was greater than six (6) months; therefore, the nonconforming use of a restaurant operation is no longer valid. "New" restaurant uses in industrial zoning districts are not permitted and the proposed location of Boulevard Bar and Grille is in an M-2 industrial zoning district.

Boulevard did not file an administrative appeal from the suspension or denial. Instead, on May 24, 2023, it initiated this lawsuit against the defendants. Boulevard alleged that, by first granting, then suspending and denying the occupation tax certificate, the City violated "grandfathering rights" that had vested through prior decisions (Count 1), unlawfully took these vested rights without compensation (Count 2), and negligently issued a certificate that was later found to be improper (Count 3).

Determining that it lacked subject-matter jurisdiction over the case because Boulevard had failed to exhaust its administrative remedies, the trial court granted summary judgment to the defendants. As discussed below, although we agree with the trial court's ultimate decision that Boulevard failed to exhaust its administrative remedies as to Counts 1 and 2, we must vacate the order granting the defendants summary judgment on these counts and remand for the trial court to dismiss the claims. With respect to Count 3, we reverse the trial court's judgment.

1. *Counts 1 and 2.* Generally, a party "aggrieved by an administrative decision must exhaust his administrative remedies before pursuing a judicial remedy." *Ga. Power Co. v. Cazier*, 303 Ga. 820, 822 (2) (815 SE2d 922) (2018). The City's ordinance code establishes a two-tiered process for administratively challenging an

adverse decision relating to an occupation tax certificate. The City finance director may deny, suspend, or revoke a certificate for any reason set forth in the Code, including that the business "is not authorized to operate within the [C]ity, or within the zoning district within which it is located, or is otherwise not in conformity with locational requirements of any of the [C]ity's ordinances[.]" Code § 2-5012 (a) (1), (c) (7). An adverse decision becomes final unless, within 30 days, the "applicant and/or certificate holder files a notice of appeal to the [C]ity manager or her/his designee[.]" Code § 2-5012 (a) (1). The appeal triggers a hearing, after which the City manager or her/his designee issues a decision. See Code § 2-5012 (a) (3). From that decision, an applicant or certificate holder may appeal to the City Council for final resolution of the dispute. See Code § 2-5013.

On November 17, 2022, Boulevard was given written notice on letterhead bearing the name of both the City manager and finance director that its certificate had been suspended. Then, approximately one month later, it received a second letter, again bearing the names of the City manager and finance director, stating that its request for a "business license" — or occupation tax certificate — had been denied. Boulevard challenges the City's action in suspending and denying the certificate in

Counts 1 and 2, alleging that the City improperly "divested" it of its "grandfather[ed]" right to a certificate and took this vested right without due process. In particular, it complains about the manner in which the City withdrew the certificate, asserting, for example, that the City acted without providing sufficient notice or affording Boulevard the hearing required by the ordinances. These claims of procedural irregularity, however, do not excuse Boulevard from pursuing available methods of administrative review for addressing allegations that the City improperly suspended and/or denied the certificate. See *Ga. Dept. of Behavioral Health & Developmental Disabilities v. United Cerebral Palsy of Ga.*, 298 Ga. 779, 788 (2) (b) (784 SE2d 781) (2016) ("[A]ggrieved parties cannot justify going straight to court merely by alleging that the agency failed to meet certain statutory procedural requirements.") (citation and punctuation omitted).

Martin testified that she spoke with City officials about her concerns. But Boulevard did not follow the administrative appeal procedures, and we cannot assume what the City's "answer would [have been] in the formal process." *Shelley v. Town of Tyrone*, 302 Ga. 297, 305 (2) (806 SE2d 535) (2017). Moreover, although Boulevard argues that it should be excused from the administrative appeal requirement because,

given Martin's discussions with City officials, an appeal would have been futile, "the conduct of an administrative decision-maker outside of and prior to the normal administrative process does not ordinarily demonstrate futility." *City of Suwanee v. Settles Bridge Farm*, 292 Ga. 434, 439 (738 SE2d 597) (2013) (citation and punctuation omitted). Boulevard has pointed to nothing out of the ordinary here.

Boulevard further claims that the administrative appeal procedures were inadequate because the procedures "could not have granted the monetary damages [Boulevard] sought." Exhaustion, however, "is the usual rule whenever one aggrieved by an administrative decision seeks judicial relief of *any* sort from that decision[.]" *Ga. Power Co.*, 303 Ga. at 823 (2) (emphasis supplied). And a party "cannot do indirectly that which it is prohibited from doing directly, and thus, cannot bypass the mandatory administrative procedures by attempting to present its claim under the guise of a tort action seeking the recovery of damages." *Northeast Ga. Cancer Care v. Blue Cross & Blue Shield of Ga.,* 297 Ga. App. 28, 32-33 (2) (676 SE2d 428) (2009); see also *Douthit v. State of Ga.*, 180 Ga. App. 464, 466 (349 SE2d 493) (1986) ("Appellant cannot avoid [exhaustion requirement] because he seeks in the instant case the judicial and legal 'relief' of damages rather than the equitable enforcement of whatever

administrative relief the Board would be authorized to effectuate.") (citation and punctuation omitted). Counts 1 and 2 relate directly to the City's adverse decisions with respect to Boulevard's occupation tax certificate. Boulevard cannot circumvent the administrative process simply by alleging that the City's decisions caused it monetary damage.

Finally, Boulevard alleges that the City acted outside of its authority by suspending and withdrawing Boulevard's certificate without notice and opportunity for a hearing. Our Supreme Court has recognized that "the exhaustion doctrine does not apply where the defect urged by the complaining party goes to the jurisdiction or power of the involved [administrative body]." *We, the Taxpayers v. Bd. of Tax Assessors*, 292 Ga. 31, 34 (1) (734 SE2d 373) (2012) (citation and punctuation omitted). To fall within this exhaustion exception, however, the claimant must allege that the administrative body "acted wholly outside its jurisdiction, not merely that it had failed to meet certain statutory procedural requirements." Id. (citation and punctuation omitted). Boulevard does not question the City's authority to suspend, revoke, or deny applications for occupation tax certificates. Rather, it challenges whether the City properly exercised its authority with respect to Boulevard's certificate. This

claim of ultra vires action "does not relieve [Boulevard] of the obligation to exhaust the administrative remedy" as to Counts 1 and 2. See id.

The trial court correctly determined that it lacked jurisdiction to consider Counts 1 and 2 of Boulevard's complaint. Without such jurisdiction, however, the court "ha[d] no power to enter a judgment on the merits." *Dunn*, 368 Ga. App. at 743 (1) (b). The proper remedy for Boulevard's failure to exhaust administrative remedies was dismissal of Counts 1 and 2. See id. We therefore vacate the order granting the defendants summary judgment on these claims and remand for the trial court to enter an order of dismissal.

2. *Count 3*. Count 3, which alleges that the defendants negligently *granted* Boulevard an occupation tax certificate in May 2022, does not challenge the City's subsequent decision to suspend and deny the certificate. Instead, Count 3 asserts that the City's negligent decision to award the certificate caused Boulevard damage, as it relied on that decision to open the restaurant, hire staff, contract with vendors, and incur other expenses.

The trial court found that Boulevard was required to follow the administrative appeal procedures with respect to the allegations in Count 3. But those procedures

only applied to the denial, suspension, or revocation of an occupation tax certificate. The defendants have not pointed to — and we have not found — any administrative procedure allowing a party that has been *granted* a certificate to appeal such action. Simply put, Boulevard had no basis for appealing the City's May 2022 decision to award it an occupation tax certificate. And because Count 3 does not challenge a decision that is subject to administrative appeal, the trial court erred in finding that Boulevard failed to exhaust its administrative remedies as to this claim. See *Aldridge v. Ga. Hospitality & Travel Assn.*, 251 Ga. 234, 237 (2) (304 SE2d 708) (1983) ("Because there were no administrative appeal procedures available to [the claimant], the doctrine of exhaustion of administrative remedies urged by the [the defendant] is inapposite."), overruled in part on other grounds by *Republican Nat. Committee v. Eternal Vigilance Action*, 321 Ga. 771, 780 (2) (b) (917 SE2d 125) (2025).

3. Finally, we note that the defendants have filed a motion to dismiss this appeal, arguing that because the appeal "arises from the trial court's decision reviewing the City's decision to revoke [Boulevard's] business license[,]" Boulevard was required, but failed, to follow the discretionary appeal procedures in OCGA § 5-6-35 (a) (1). It is true that "if the underlying subject matter of the appeal . . . concerns

11

the review of an administrative decision, then the discretionary appeal procedures must be followed." *Ladzinske v. Allen*, 280 Ga. 264, 265 (626 SE2d 83) (2006). As discussed in Division 2, however, Count 3 does not challenge — and thus does not require review of — an administrative decision. Rather, the claim alleges that the City acted negligently when it granted the occupation tax certificate in May 2022. The trial court's grant of summary judgment on this claim was subject to direct review, giving us jurisdiction over the entire appeal. See *Harrell v. Fulton County*, 272 Ga. App. 760, 763 (1) (612 SE2d 838) (2005) ("Where a zoning case does not involve superior court review of an administrative decision, the trial court's order does not come within the purview of OCGA § 5-6-35 (a) (1) and no application for appeal need be filed.") (citation and punctuation omitted); OCGA § 9-11-56 (h); OCGA § 5-6-34 (d). Accordingly, the defendants' motion to dismiss this appeal is denied.

*Judgment reversed in part, vacated in part, and case remanded with direction. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*